IN THE UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

SERENDIPITY AT SEA, LLC,

      Plaintiff,

vs.

UNDERWRITERS AT LLOYD'S OF
LONDON SUBSCRIBING TO POLICY
NUMBER 187581

      Defendants.

_____/

## DEFENDANTS, UNDERWRITERS AT LLOYD'S, NOTICE OF REMOVAL

Defendants, UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY NUMBER 187581 (hereinafter "UNDERWRITERS") hereby file this their Notice of Removal of Plaintiff, SERENDIPITY AT SEA, LLC's case from the Seventeenth Judicial Circuit in and for Broward County, Florida, Case Number CACE-20002893, to the United States District Court for the Southern District of Florida and in support thereof pleads the following:

## I.    STATEMENT OF GROUNDS FOR REMOVAL

1. This removal is based on diversity of citizenship with the amount in controversy exceeding the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, pursuant to 28 U.S.C. Sections 1332, 1441 and 1446.

2. This case may be removed to this Court by Defendants pursuant to Sections 1332, 1441, and 1446 of Title 28 of the United States Code.

3. 28 U.S.C. Section 1332 provides, in pertinent part:

(**a**)The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(**1**) citizens of different States;

(**2**) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

(**3**) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(**4**) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

4. 28 U.S.C. Section 1441 provides, in pertinent part:

(a)Generally.— Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

5. 28 U.S.C. Section 1441 provides, in pertinent part:

(a)Generally.— A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b)Requirements; Generally.—

(1)The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

(2)

(A)When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

6. For this Court to have subject matter jurisdiction over this matter and for the Defendants to properly remove the pending state court action to this Court, the following conditions must be met:

   a. The amount in controversy must be in excess of $75,000.00;

   b. Complete diversity of citizenship between the parties;

   c. The notice of removal must comply with the statutory procedures outlined in 28 U.S.C. Section 1446;

7. Defendants, UNDERWRITERS, have met all statutory requirements and respectfully request that this Court accept jurisdiction over this case.   As will be set forth below, the three underwriters on this insurance policy each consent to removal.

## II.    STATEMENTS APPLICABLE TO AMOUNT IN CONTROVERSY FOR DIVERSITY JURISDICTION

8. A civil case was filed in the 17th Judicial Circuit, in and for Broward County, Florida styled, Plaintiff, SERENDIPITY AT SEA, LLC versus Defendants, UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY NUMBER 187581.

9. The Plaintiff filed the case with the circuit court on February 14, 2020.

10. Underwriters were served with process through the Chief Financial Officer of the State of Florida on February 18, 2020.   See Notice of Service of Process attached hereto as Exhibit "A" which includes all filings in the state court docket.

11. The Complaint is a claim for an alleged breach of a marine insurance contract and alleged bad faith[1] arising from the unproven breach of contract claim.

12. The facts of the claim arising damage sustained by the Plaintiff's motor yacht, which was left docked in the Bahamas in advance of Hurricane Dorian in 2019.

13. Plaintiff seeks payment from underwriters for the constructive total loss of its motor yacht during Hurricane Dorian.    The amount sought is in excess of $565,000.00, which Plaintiff alleges was the value of M/Y SERENDIPITY [Ex – A See Compl. paragraphs 23-28 and the wherefore clause of Count I].

14. The amount in controversy between the parties is excess of $75,000.00

15. The Defendants seek removal to the Southern District of Florida.

16. The undersigned attorney represents the Defendants.

17. Following the filing of this Notice of Removal with the Southern District Court, written notice will be provided to Plaintiff's counsel and will be filed in docket for case in the circuit court.

18. Pursuant to 28 U.S.C. Section 1446(a), true and correct copies of all pleadings contained in the circuit court docket are attached as Exhibit "A".

19. No previous application for removal has been made with regard to the pending state court case brought by Plaintiff against these Defendants.

## II.     STATEMENTS APPLICABLE TO DIVERSITY OF PARTIES

20. One of the two requirements that must be met for this Court to exercise diversity jurisdiction is that Plaintiff, SERENDIPITY AT SEA, LLC, may not be of the same citizenship as the Defendant UNDERWRITERS.   This is known as the "complete

---

[1] The Plaintiff's statutory bad faith claim is not ripe.    Defendants' will be moving to dismiss this cause of action after removal.

diversity" requirement.    28  U.S.C  Section  1332(a),  *Wisconsin Dept. of Corrections v. Shacht*, 118 S. Ct. 2047,2052,  524 U.S. 381, 388 (1981).

21. A corporate defendant's citizenship exists both in the state of incorporation and the state where it maintains it principal place of business.  28 U.S.C. Section 1332(c)(1).

22. Plaintiff, SERENDIPITY AT SEA, LLC, is the owner of M/Y SERENDIPITY [Ex. "A" - Compl. paragraph 2].

23. According to the State of Florida, Division of Corporation's SERENDIPITY AT SEA, LLC is a Florida limited liability company with its principal address at 11002 Lake Butler Blvd. in Windermere, Florida 34786.   The corporate filings with the State of Florida, confirm that Plaintiff SERENDIPITY AT SEA, LLC is a citizen of the State of Florida for purposes of the diversity jurisdiction analysis.  See Exhibit "B" with the State of Florida, Division of Corporation's records for SERENDIPITY AT SEA, LLC.

24. As plead by the Plaintiff, the three underwriters on the subject policy of insurance are Travelers Syndicate 5000, Munich RE and Amlin [Ex. A – paragraph 9].

25. More specifically, the underwriters on the subject policy of insurance are:

   a. Travelers Syndicate Management Limited, which is a United Kingdom Limited Company with its principal address and nerve center at 23-27 Alie Street in London, England, E1 8DS.  The corporate members for the Syndicate at Aprilgrange Limited and F&G UK Limited, both companies sharing the same address as Travelers Syndicate Management, Ltd. Travelers Syndicate Management Limited is a citizen of the United

Kingdom or purposes of the diversity jurisdiction analysis.  See Composite Exhibit "C".

b.  Munich Re Syndicate 457 at Lloyd's sole corporate member is Munich Re Capital Limited, which is a United Kingdom, Limited Company with its principal address and nerve center at St. Helens 1 Undershaft, London, EC3A 8EEE.   Munich Re Syndicate 457 is a citizen of the United Kingdom or purposes of the diversity jurisdiction analysis.  See Composite Exhibit "C".

c.  MS Amlin Corporate Member, Ltd. is a United Kingdom Limited Company with its principal address and nerve center at The Leadenhall Building, 122 Leadenhall Street, London, England, EC3V 4AG.   MS Amlin Corporate Member, Ltd. is a citizen of the United Kingdom or purposes of the diversity jurisdiction analysis.  See Composite Exhibit "C".

26. The above referenced underwriters are wholly corporate entities and contain no individual human members.

27. Accordingly, there is complete diversity with a State of Florida citizen as Plaintiff and three United Kingdom citizens as Defendants.

## III.   NOTICE OF REMOVAL IS SUFFICIENT AND TIMELY

28. Pursuant to 28 U.S.C. § 1446(a), a notice of removal shall contain a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon the removing party in the State Court action.

29. As detailed herein, this Notice of Removal clearly and plainly sets froth the legal basis for removal and the underlying facts in support. This removal is based on

diversity jurisdiction, and the facts clearly set forth that the requirements of complete diversity and amount in controversy threshold have been satisfied.

30. In compliance with the procedures for removal, a copy of all process, pleadings, and orders in the Court docket are provided and attached hereto as Composite Exhibit "A".

31. Additionally, 28 U.S.C. Section 1446(b) requires that a notice of removal must be filed thirty (30) days after the receipt by the Defendants of a copy of a paper from which it may be first ascertained that the case is one which is, or has become removable.

32. As UNDERWRITERS were served on February 18, 2020 [See Ex. A], the deadline for removal would be March 19, 2020.

33. As this Notice of Removal is filed on March 10, 2020 it is timely.

## IV.    STATEMENTS APPLICABLE ADMIRALTY AND MARITIME JURISDICTION

34. This Court additionally has Admiralty and Maritime Jurisdiction as Plaintiff has alleged breach of a maritime insurance contract.   "Since the insurance policy here sued on is a maritime contract[,] the Admiralty Clause of the Constitution brings it within federal jurisdiction." *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, Civil Action No. 18-cv-01400-NYW, 2020 U.S. Dist. LEXIS 13066, at *5 (D. Colo. Jan. 24, 2020); *See also Travelers Prop. Cas. Co. of Am. v. Ocean Reef Charters, LLC*, 396 F. Supp. 3d 1170, 1171 (S.D. Fla. 2019).

WHEREFORE, the Defendant UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY NUMBER 187581 respectfully request that this case proceed in this Court as an action properly removed pursuant to U.S.C. Sections 1332, 1441 and 1446.

Respectfully Submitted,

By:   /s Andrew N. Mescolotto
ANDREW N. MESCOLOTTO (28141)
FERTIG AND GRAMLING
200 Southeast 13th Street
Fort Lauderdale, FL 33316
PH:   (954) 763-5020
FX:   (954) 763-5412
anm@fertig.com
Attorneys for the Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on March 10, 2020 on all counsel or parties of record on the Service List below.   It was also served to Plaintiff's counsel via electronic mail, pending his appearance in this case.

Respectfully Submitted,

By:   /s Andrew N. Mescolotto
ANDREW N. MESCOLOTTO (28141)
FERTIG AND GRAMLING
200 Southeast 13th Street
Fort Lauderdale, FL 33316
PH:   (954) 763-5020
FX:   (954) 763-5412
anm@fertig.com
Attorneys for the Defendants

## <u>SERVICE LIST</u>

| | |
|---|---|
| Ronald J. Anania<br>Law Offices of Ronald J. Anania, P.A.<br>10910 SW 10th Court<br>Davie, FL 33324<br>PH:  (954) 448-1872<br>ananialawfirm@gmail.com<br>*Attorney for Plaintiff*<br>*VIA E-MAIL* | ANDREW N. MESCOLOTTO (28141)<br>FERTIG AND GRAMLING<br>200 Southeast 13th Street<br>Fort Lauderdale, FL 33316<br>PH:    (954) 763-5020<br>FX:    (954) 763-5412<br>anm@fertig.com<br>*Attorneys for the Defendants*<br>*VIA CM/ECF* |