# EXHIBIT "A"

*20-000042126*

**CHIEF FINANCIAL OFFICER**
**JIMMY PATRONIS**
**STATE OF FLORIDA**

---

UNDERWRITERS AT LLOYD'S OF LONDON
SUBSCRIBING TO POLICY NUMBER 187581

PLAINTIFF(S)

VS.

UNDERWRITERS AT LLOYD'S OF LONDON
SUBSCRIBING TO POLICY NUMBER 187581

DEFENDANT(S)
_____/

SUMMONS, COMPLAINT, EXHIBIT

**CASE #:**     CACE-20-002893
**COURT:**    17TH JUDICIAL CIRCUIT
**COUNTY:**   BROWARD
**DFS-SOP #:** 20-000042126

# NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by ELECTRONIC DELIVERY on Tuesday, February 18, 2020 and a copy was forwarded by ELECTRONIC DELIVERY on Wednesday, February 19, 2020 to the designated agent for the named entity as shown below.

UNDERWRITERS AT LLOYD'S, LONDON
BARBARA DEMOSTHENE
280 PARK AVENUE, EAST TOWER 25TH FLOOR
NEW YORK, NY 10017

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule  #1.080**

Jimmy Patronis
Chief Financial Officer

RONALD JOSEPH ANANIA
ATTORNEY
LAW OFFICES RONALD J. ANANIA, P.A.
10910 SW 10TH COURT
DAVIE, FL 33324

JJ1

| IN THE CIRCUIT COURT IN THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA. | | |
|---|---|---|
| DIVISION<br>X CIVIL<br>DISTRICTS<br>☐ OTHER | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | CASE NUMBER |
| PLAINTIFF(S)<br><br>SERENDIPITY AT SEA, LLC | VS. DEFENDANT(S)<br>UNDERWRITERS<br>AT LIOYD'S<br>OF LONDON<br>SUBSCRIBING<br>TO<br>POLICY NUMBER 187581 | SERVICE |

THE STATE OF FLORIDA:

To: Lloyds of London
c/o Florida Chief Financial Officer as RA
Service of Process Section
PO Box 6200
Tallahassee, FL 32314-6200

YOU ARE COMMANDED to serve this summons
and copy of the complaint or petition in this action on
defendant(s):

**UNDERWRITERS AT LIOYD'S
OF LONDON SUBSCRIBING TO
POLICY NUMBER 187581**

Each defendant is required to serve written defense to the complaint or petition on

Plaintiff's Attorney:

Ronald J. Anania, Esq.
Law Offices of Ronald J. Anania, P.A.
10910 SW 10ᵗʰ Court
Davie, Florida 33324

within 20 days " Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days." after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiffs attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY<br>RUVIN<br>CLERK of<br>COURTS | DEPUTY CLERK<br><br>**BRENDA D. FORMAN** | DATE<br>FEB 17 2020 |
|---|---|---|

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 02/14/2020 06:26:49 PM.****

RECEIVED AS STATUTORY REGISTERED AGENT on 18 February, 2020 and served on defendant or named party on 19 February, 2020 by the Florida Department of Financial Services

IN THE IN THE CIRCUIT COURT OF
THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY FLORIDA

**SERENDIPITY AT SEA, LLC,**

                          **Plaintiff,**

**v.**

**UNDERWRITERS AT LLOYD'S
OF LONDON SUBSCRIBING TO
POLICY NUMBER 187581**

                          **Defendants.**

_____/

CIVIL DIVISION

CASE NO:

JUDGE:

## COMPLAINT

**COMES NOW**, Plaintiff Serendipity at Sea, LLC, by and through its undersigned counsel and hereby files this lawsuit against Defendants UNDERWRITERS AT LLOYDS OF LONDON subscribing to Policy Number 167581, and hereby avers as follows.

### JURISDICTION AND VENUE

1. This is an action for damages in excess of the jurisdictional minimum requirement of Fifteen Thousand Dollars ($30,000.00) exclusive of interest, costs and attorney's fees, and this Honorable Court otherwise has jurisdiction over the subject matter hereof.

2. Serendipity at Sea, LLC, is the owner of the 61' 2004 Viking M/Y Serendipity (hereinafter "Vessel"), hull I.D. No. VSC61081H304.

3. The Florida Legislature has 'acknowledged Lloyd's importance in commerce by declaring them a person under the Florida Insurance Code § 624.04.

4. The Florida Division of Financial Services (hereinafter referred to as DFS) is the registered agent for the Defendant(s).

5. In accordance with the DFS rules, Plaintiff filed a Service Request No.: 1-991728523, waited

the required time, and was told by DFS that the Defendant(s) refused to honor the insurance policy. (Composite Exhibit 1, SR acknowledgment & DFS emails)

6. On December 12, 2019, Plaintiff filed the required Civil Remedies Notice #467469 with DFS, and served same on the Defendant(s). Plaintiff waited the required 60 days before being allowed to file this Complaint, even though Lloyd's of London told the DFS it was not going to honor Plaintiff's claim, as stated in paragraph 5 above. (Exhibit 2, Civil Remedy Notice submitted to DFS)

7. Syndicates in the Lloyd's market have no independent legal identities, but are merely "creature(s) of administrative convenience," Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 858 (5th Cir. 2003) they operate as an aggregation of individual members with individual contracts and obligations running to the insured.

8. On October 28, 2019 Plaintiff filed a complaint with Lloyd's of London Complaints Department, and was assigned complaint number COM135818. ( Exhibit 3, Confirmation of Complaint filed with Lloyds on 10/28/19 )

9. We have been advised by Fertig & Gramling, a Fort Lauderdale, Florida Law firm, has been retained as counsel for the underwriters. Those underwriters involved in this case have been identified by counsel as being: Travelers Syndicate 5000, MunichRE and Amlin. ( Exhibit 4, email from Fertig & Gramling Law Firm )

10. The subject insurance policy contains a Choice of Law & Jurisdiction Clause which states in summary, each party agrees to submit to the exclusive jurisdiction of any competent court within the State of Florida. (Exhibit 5, Insurance Policy issued by Defendants)

11. Venue is proper in Florida, and in particular Broward County, since the policy was

-2-

written and issued in Florida, the broker that obtained the policy, Atlass Insurance Services, is a

Florida corporation, licensed to sell insurance in Florida, and located in Fort Lauderdale,

Broward County, Florida and the registered agent the Florida Department of Financial Services

is the registered agent for the Defendant.  Further, the Law Firm that has stated they have been

retained by the Defendants, Fertig & Gramling are located in Broward County.

12.  Plaintiff initially conferred with opposing counsel at Fertig & Gramling, who said they

represented Lloyd's, but subsequently stated they needed to confirm with their client regarding

conferring with us. Therefore, subsequently, they never confirmed their representation of said

client. After requesting confirmation of legal representation from Lloyd's of London, such

confirmation was not forthcoming.

13.  All conditions precedent to the institution of the instant action have occurred or have

otherwise been waived.

## GENERAL
## ALLEGATIONS

14.  Plaintiff re-alleges and reasserts the allegations of paragraphs **1** through 13 hereof, as

if fully set forth herein.

15.  The subject Vessel was brought to the Bahamas on July 27, 2019.  (Exhibit 6 Cruising Permit)

Hurricane Dorian effected the Bahamas on or about August 30, 2019.

16 .  On or about August 30, 2019, while the subject vessel was at its dock in the Bahamas, it

suffered major damage due to Hurricane Dorian. The subject Vessel had arrived in the Bahamas

over a month before Hurricane Dorian hit the Bahamas, which in fact was not yet predicted to hit

the Abaco's in the Bahamas.  An insurance claim was timely filed; number 100334, with the

insurance agent USI Insurance Services, on September 10, 2019,

under its Sea Wave Yacht Insurance Program Certificate No.141278. ( Exhibit 5 )

17. In furtherance of filing a claim, a claims adjuster and marine surveyor Scott Armstrong was dispatched by Claims Administrator York Risk Services Group; on behalf of Lloyd's of London, to survey the subject Vessel in the Bahamas. The result of the survey by Scott Armstrong, was stated in a report issued by Alexander Cathro; the assigned Claims Adjuster, that the vessel was a constructive total loss. ( Exhibit 7 Rejection Letter )  Therefore, the extent of damages should not be an issue. A copy of the survey has been requested but not received.

18.  Subsequently, After York Risk's claims adjuster reviewed the facts, it was stated that Sea Wave Yacht Insurance declined coverage for the hurricane induced damage to the M/Y Serendipity. The only discernable reason for the decline of coverage in the notice, was because the subject vessel was brought to the Bahamas by its owner Mikael Sean Oakley, and not a licensed Captain  *"Id"*.  Defendants reason for rejecting Plaintiff's insurance claim is not substantiated by the insurance policy (Exhibit 5), and totally unrelated to the actual cause of the damage to the subject Vessel.

19.  The rejection of Plaintiff's insurance claim was in breach of the insurance policy, which in the first instance, did not restrict movement of the subject vessel only by a licensed Captain, as stated on page 7 of the policy (Exhibit 5), which allowed the owner to do so.  Moving the subject Vessel to the Bahamas; way before hurricane Dorian hit the Bahamas (Exhibit 6), had nothing to do with Hurricane Dorian destroying the subject Vessel, because Dorian did not affect the actual movement of the vessel.  Further, when Mr. Mikael Sean Oakley first purchased the subject vessel on behalf of Serendipity At Sea, LLC, he had agreed

-4-

to hiring a Captain for his backup for 30 days ; since it was a new boat to Mr. Oakley the owner, so he could become competent with the operation of the boat; that was in 2015. The use of a captain as back-up was to last only 30 days, but that requirement was apparently never removed from the renewal quotes, even though it contradicts the actual policy language, which states on page 7 of the insurance policy,  "It is agreed that the person in charge of and in control of your boat while making way or under way shall only be you or others as may be permitted by the terms and conditions of this contract". ( Exhibit 5 )  There was no riders attached to the actual policy renewal issued on June 10, 2019, or any previous renewal.

20.   We strongly disagree with the denial of insurance coverage for damages caused to the subject vessel by hurricane Dorian. The damages were not caused while the subject vessel was underway. Such a denial is in bad faith, and should not be accepted as a defense. Further, there was no way to return the vessel to Florida before the anticipated hurricane hit the Bahamas, without getting caught in the storm.

21. As stated above, the subject vessel was insured at the time of the incident by Defendants for $ 565,000 dollars. ( Exhibit 5)  The Plaintiff timely notified Defendants of the damage through its agent USI Insurance Services, on September 10, 2019, who would have informed others that the incident occurred.

## COUNT I

### BREACH OF CONTRACT

22.   Plaintiff re-alleges and reasserts the allegations of paragraphs **1** through 21 hereof, as if fully set forth herein.

23.  Plaintiff and Defendants entered into agreements whereby Defendants would provide hull and liability insurance to cover the $565.000 value of the M/Y Serendipity. (Exhibit 5 ) Plaintiff timely paid for same. The policy was current in all respects at the time of the incident.

24.  Defendants had a duty to honor the policy, and breached that duty owed to the Plaintiff, by not providing the protection afforded by the policy, which included making payments towards the expenses caused by the incident.  Defendants have not made any effort to settle the Plaintiffs claim, or pay any expenses.

25.  Plaintiff was damaged by Defendants' breach of contract, as it did not receive the benefit of its bargains with Defendant. If an insurer wrongfully denies coverage that actually exists, the insurer has breached the insurance contract.  Gallagher v. Dupont, 918 So.2d 342 (Fla. 5th DCA 2005)

26.  §624.155(1)(b)(1) of the Florida Statutes specifically provide a civil remedy against insurance companies. It specifically authorizes suit against an insurer for not attempting to settle claims in good faith where the insurance company could have settled if it had acted fairly and honestly toward the insured or failing to promptly settle claims when the obligation to settle a claim has become reasonably clear.

27.  From on or about  August 30, 2019 the date of the incident, to the present, the Defendants have avoided making any payments, and used invalid exemptions and delays as their defenses. Its inaction was a constructive denial of honoring its written policy with Plaintiff.  Defendants have breached the implied covenant of good faith and fair dealing, as stated in the Restatement (Second) of Contracts, Section 205, in that it used contractual terms in isolation in order to refuse coverage under the

-6-

insurance policy.

28.  Pursuant to Florida Statutes, § 624.155, upon adverse adjudication at trial or upon appeal, the insurer will be liable for damages, together with court costs and reasonable attorney's fees incurred by the Plaintiff.  Regardless of whether or not an insurer acted in good faith; it is responsible for attorney's fees where the claimant proves wrongful denial of his claim.  Travelers Ins. Co. v. Rodriguez, 387 So.2d 341 (Fla. 1980).  In addition, F.S. 626.9373 in summary states (1) that upon judgment by any court of this state against a surplus lines' insurer in favor of any named or omnibus insured … shall adjudge a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the lawsuit for which recovery is awarded. (2) "If awarded, attorney's fees or compensation shall be included in the judgment or decree rendered in the case."

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court issue a judgment against Defendants, in the aforesaid sum of **$565,000 US dollars**, plus consequential damages, together with court costs, attorney fees, additional interest, and such other relief and in such additional amounts as this Honorable Court deems necessary, just and proper.

## <u>COUNT II</u>

## <u>BAD FAITH</u>

29.  Plaintiff re-alleges and reasserts the allegations of paragraphs 1 through 28 hereof, as if fully set forth herein.

30.  In general, bad faith law defines acts of "bad faith" on behalf of insurance companies as delaying, withholding, or denying policyholder benefits that are based on legitimate claims filed

-7-

under valid insurance policies. Defendants have violated all three parameters.

31.  Florida's first party bad faith claims are authorized only by statute. Fla. Stat. 624.155(1) creates the statutory cause of action for first-party bad faith which was created in 1982 to authorize Florida insureds to pursue first party bad faith claims against their insurers. Fla. Stat. 624.155 specifically states:    Any person may bring a civil action against an insurer when such person is damaged by the commission of any of the following acts by the insurer:

(1)  Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests:

(2)  Making claims payments to insureds or beneficiaries not accompanied by a statement setting forth the coverage under which payments are being made; or

(3)  Except as to liability coverages, failing to promptly settle claims, when the obligation to settle a claim has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.

Notwithstanding the provisions of the above to the contrary, a person pursuing a remedy under this section need not prove that such an act was committed or performed with such frequency as to indicate a general business practice.

(4)  An insurer's failure to respond within the sixty-day period will create a rebuttable presumption that the contents of the CRN are true and, presumably, the insurer has committed bad faith.  Imhof v. Nationwide Mut. Ins. Co., 643 So. 2d 617 (Fla. 1994).  Defendants have not responded.

(5)  Under Florida Statute 624.155, consequential damages are available.

These damages include those which are "reasonable & foreseeable" and are proximately caused by the insurer as a result of the violation listed in the above Civil Remedy Notice (CRN). These damages could include monies beyond the policy limits.  **Examples of these damages include attorney's fees and costs, interest and additional damages caused as result of the insurance company's actions.**  In addition to consequential damages, Florida also allows for the award of punitive damages, which can be awarded in both statutory and common law bad faith cases.

(6)  In order for punitive damages to be awarded, Florida Statute 624.155 requires the following, which we believe is present in this case:

(a) Willful, wanton, and malicious conduct;

(b) In reckless disregard for the rights of any insured; or

(c) In reckless disregard for the rights of a beneficiary under a life insurance contract. Florida Statute 768.73 limits punitive damages to three times the amount of the compensatory or $500,000, whichever is greater.

(7)  Florida Courts consider the "totality-of-the-circumstances" when analyzing alleged violations.  State Farm Mut. Auto. Ins. Co. v. LaForet, 658 So. 2d 55 (Fla. 1995)

32.  Insurers duty is defined in the Florida Standard Jury Instructions: MI3.1 : "An insurance company acts in bad faith in failing to settle a claim against its insured within its policy limits when, under all the circumstances, it could and should have done so, had it acted fairly and honestly towards its insured and with due regard for his interests." Jury Instruction MI3.2: "An insurance company acts in bad faith in failing to offer to pay the amount of its policy limits toward settlement of a claim against its insured when offering that amount would have resulted in  settlement of the claim, and under all of the circumstances, the insurance company should have offered that amount, had it acted fairly and honestly towards its insured and in due regard

for the insured's interests.

33.   The subject vessel was inspected by two marine surveyors, Lloyd's Marine Surveyor Scott Armstrong, who declared the vessel as being a constructive total loss.

34.   From the time the vessel sank until the present, the Defendants have not honored their policy, but in fact, have only made unjustified claims of invalid exclusions to avoid payment, delayed the situation two months and therefore have directly, in no uncertain terms, have denied coverage.

35.   The first of three unjustified exemptions presented by Claims Administrator York Risk Services Group; on behalf of Lloyd's of London, is that the policy calls for a full time captain, and since the captain was not on board at the time the subject vessel was moved from Florida to the Bahamas; well before the hurricane Dorian hit the Bahamas, this was cause not to honor the policy. There is no requirement in the policy that states a captain was to be on board the subject vessel 24/7. In fact, on page 7 of the policy (Exhibit 5), it states that the owner can act as captain. Further, even if the Captain was onboard during the move from Florida to the Bahamas, he would not have been able to change anything, since Dorian didn't hit the Bahamas until well after the vessel was brought to the Bahamas.

36.   Defendants misrepresented pertinent facts and insurance policy provisions relating to the coverage at issue, which is a violation of Florida Statutes section 624.155 in that, Defendants made no good faith attempt to settle claims when, under all the circumstances, it could and should have done so. If the Defendants had acted fairly and honestly towards its insured and with due regard for its interests, the expenses would have been much less.

37.   All of Defendants claims to avoid paying the claim under the policy are unfounded, frivolous, lacking in substance and made in bad faith.

38.  Florida's bad faith civil liability statute {s 624.155(1)(b)(1)} allows for a bad faith claim directly against an insurer as well as recovery of attorneys' fees.

39.  The insurer owes a fiduciary duty to its insured which requires the insurer to act fairly and honestly toward its insured, and with due regard for its insured's interests. Auto Mut. Indem. Co. v. Shaw, 184 So. 852 (Fla. 1938);  Campbell v. Gov't Employees Ins. Co., 306 So.2d  525 (Fla. 1974).

40.  Defendants have delayed paying the claim from September 10, 2019 until the present. That delay has caused damages to the Plaintiff. The subject vessel is stranded on land, where Hurricane Dorian deposited it, and needs to be removed. Consequential expenses are accumulating.

41.  The Plaintiff has been required to employ the services of the undersigned attorney, is obligated to pay a fee thereto, and is entitled to an award of attorney's fees.  Attorney's fees are recoverable in bad faith cases. Specifically, Fla. Stat. § 624.155(4) finds an insurer becomes liable for Plaintiff's reasonable attorney's fees and court costs upon adverse adjudication at trial or upon appeal in a statutory bad-faith action.

  **WHEREFORE**, Plaintiffs respectfully request this Honorable Court issue judgment  against Defendants, in the aforesaid sum of $ 565,000 dollars US, together with consequential damages, costs, attorney  fees, interest,  and such other  relief and in such additional amounts as this Honorable  Court deems necessary, just and proper.

  RESPECTFULLY SUBMITTED

  By: /s/ Ronald J. Anania
  Ronald J. Anania
  FBN  5746
  Attorney for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on February 14, 2020, we electronically filed the foregoing Document with the Clerk of Court using the Florida Courts E-Filing Portal. We also certify that the foregoing document is being served this day on all counsel of record, via transmission generated by the Florida Courts E-Filing Portal and/or by email, pursuant to Rule 2.516, Florida Rules of Judicial Administration. In furtherance thereof, a true and correct copy of this foregoing has been furnished for service upon Lloyd's of London by their registered agent The Florida Department of Financial Services, at 200 East Gaines Street, Tallahassee, FL 32399.

LAW OFFICES OF RONALD J. ANANIA, P.A.
10910 SW 10th Court
Davie, FL  33324
Tele:  (954) 448-1872
Email:  ananialawfirm@gmail.com

By:   /s/  Ronald J. Anania
Ronald J. Anania

## VERIFICATION

STATE OF FLORIDA         }
                         } ss:
COUNTY OF ORANGE         }

     BEFORE ME personally appeared Mikael Sean Oakley, who, after first being duly sworn, deposes and states:

     1. That he is President of SERENDIPITY AT SEA, LLC, Plaintiff herein, and based upon his knowledge, information and belief, as well as additional information provided to him, the facts set forth in the Complaint are true and correct.

     2. Affiant further states that he has executed this Verification on behalf of SERENDIPITY AT SEA, LLC.

     FURTHER AFFIANT SAYETH NAUGHT

                      Mikael Sean Oakley

     BEFORE ME, the undersigned authority, personally appeared Mikael Sean Oakley, who, upon being first duly sworn according to law, deposes and says that he executed the foregoing Verification, and that the representations therein are true and correct to the best of his knowledge and belief.

     SWORN TO and SUBSCRIBED TO before me on this 14 day of February, 2020.

Individual Personally Known _____

Or

Individual Produced Identification _FL Drivers License_

Type and Number of Identification Produced _____

O240-557-64-449-0

NOTARY PUBLIC               Notary Seal:

STATE OF FLORIDA

My Commission Expires _July 4, 2020_

Luciana V. Ambar
Notary Public
State of Florida
My Commission Expires
July 04, 2020
Commission No. GG 85243

-13-

**FLORIDA**
DEPARTMENT OF
**FINANCIAL SERVICES**

## Civil Remedy Notice of Insurer Violations

Filing Number:     **467469**

Filing Accepted:   **12/12/2019**

Warning! Information submitted as part of this civil remedy notice is a public record. Data entered into this form will be displayed on the DFS website for public review. Please DO NOT enter Social Security Numbers, personal medical information, personal financial information or any other information you do not want available for public review.

☑ The submitter hereby states that this notice is given in order to perfect the rights of the person(s) damaged to pursue civil remedies authorized by Section 624.155, Florida Statutes.

### Complainant

| | |
|---|---|
| Name: | **SERENDIPITY AT SEA, LLC** |
| Street Address: | **6300 MARINA DRIVE** |
| City, State Zip: | **ORLANDO, FL  33324** |
| Email Address: | **ANANIALAWFIRM@GMAIL.COM** |
| Complainant Type: | **Insured** |

### Insured

| | |
|---|---|
| Name: | **SERENDIPITY AT SEA, LLC** |
| Policy #: | **187581** |
| Claim #: | **100334** |

### Attorney

| | |
|---|---|
| Name: | **RONALD J ANANIA** |
| Street Address: | **10910 SW 10TH COURT** |
| City, State Zip: | **DAVIE, FLORIDA  33324** |
| Email Address: | **ANANIALAWFIRM@GMAIL.COM** |

### Notice Against

| | |
|---|---|
| Insurer Type: | **Unauthorized Insurer** |
| Name: | **LAW OFFICES RONALD J. ANANIA, P.A.** |
| Street Address: | **DAVOS INTERNATIONAL BANK, INC.** |
| City, State Zip: | **DAVIE, FL  33324** |

Please identify the person or persons representing the insurer who are most responsible for/knowledgeable of the facts giving rise to the allegations in this notice.

**UNDERWRITERS OF LLOYD'S OF LONDON**

Type of Insurance:     **MARINE HULL & P&L**

EXHIBIT
2
ALL-STATE LEGAL®

DFS-10-363
Rev. 11/2007

FLORIDA
DEPARTMENT OF
FINANCIAL SERVICES

## Civil Remedy Notice of Insurer Violations

Filing Number:      **467469**

### Reason for Notice

Reasons for Notice:

  **Claim Denial**

**PURSUANT TO SECTION 624.155, F.S.** please indicate all statutory provisions alleged to have been violated.

  **624.155(1)(b)(1)**        **Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests.**

Reference to specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy language if the authorized insurer has not provided a copy of the policy to the third party claimant pursuant to written request.

**On page seven of the policy it states, "It is agreed that the person in charge of and in control of your Boat while making way or under way shall only be you or others as may be permitted by the terms and conditions of this contract.".**

To enable the insurer to investigate and resolve your claim, describe the facts and circumstances giving rise to the insurer's violation as you understand them at this time.

**Complainant brought his boat to the Bahamas on July 28, 2019 for maintenance. On August 30, 2019 Hurricane Dorian hit the Bahamas and caused total destruction to Complainant's boat. Complainant filed a claim with his insurance company, which was denied because he brought the boat to the Bahamas without the assistance of a hired Captain. The policy states that the owner can operate the boat himself.**

### Comments

| User Id | Date Added | Comment |
|---------|------------|---------|
|         |            |         |

 **Gmail**

Ronald Anania <ananialawfirm@gmail.com>

---

## RE: M/Y Serendipity Lloyd's ref: COM135818

**Complaints** <complaints@lloyds.com>
Reply-To: Complaints <complaints@lloyds.com>
To: Ronald Anania <ananialawfirm@gmail.com>

Thu, Nov 7, 9:39 AM

Good Afternoon Mr Anonia

We have located the underwriter of your policy and please note, you should expect to receive a response to your complaint on or before 23 December 2019.

Should you have any further queries, please do not hesitate to contact me.

Kind regards

**Tia Carroll**
Complaints Associate, Complaints

Policyholder & Third Party Oversight

Performance Management

**Lloyd's**
Fidentia House, Walter Burke Way, Chatham Maritime, Chatham, Kent ME4 4RN
+44 (0) 207 327 5693

lloyds.com @LloydsofLondon lloyds.com/linkedin

SAVE PAPER - THINK BEFORE YOU PRINT

The Future at Lloyd's | We're reimagining our market
Follow our journey to build the world's most customer-centric insurance platform
lloyds.com/thefutureatlloyds



EXHIBIT
3

Classification: Confidential

**From:** Complaints
**Sent:** 28 October 2019 09:56
**To:** Ronald Anania <ananialawfirm@gmail.com>
**Subject:** RE: M/Y Serendipity Lloyd's ref: COM135818

Dear Mr Anonia

[Quoted text hidden]

 **Gmail**

Ronald Anania <ananialawfirm@gmail.com>

---

## RE:[SR#:1-991728523] Filed with the Florida Department of Financial Services
2 messages

**servicepoint@myfloridacfo.com** <servicepoint@myfloridacfo.com>
Reply-To: servicepoint@myfloridacfo.com
To: ananialawfirm@gmail.com

Mon, Nov 18, 2019 at 3:03 PM

Dear RONALD ANANIA.]:

Thank you for contacting the Florida Department of Financial Services regarding your insurance concerns. The Service Request Number assigned to your file is:

1-991728523

In an effort to bring your matter to resolution, we have contacted UNDERWRITERS AT LLOYD'S, LONDON. Pursuant to s. 624.307(10)(b), Florida Statutes, insurance companies are allowed 20 days from the date we contacted them to respond to inquiries made by the Department of Financial Services. In order to allow time for us to review all information provided, we respectfully request that you allow up to 30 days to complete the handling of your request.

If you have supporting documentation that you would like to add to your file, you may do so by replying to this e-mail and adding the attachments to your response. When replying, please do not change the information in the subject line.

Please be advised that the information provided to the Department of Financial Services becomes a public record and is subject to a public record request. Before the documents leave the Department, personal information such as social security numbers, financial information, your name and contact information or health information is removed from the document.

Sincerely,
Joshua Stallings
Insurance Specialist III

Division of Consumer Services

Florida Department of Financial Services

-----Original Message-----
From: [Email Sender Address]
Sent: [Planned]
To: [Email Recipient Address]
Subject: [Description]

[Email Body]



**Ronald Anania** <ananialawfirm@gmail.com>
To: servicepoint@myfloridacfo.com

Tue, Nov 19, 2019 at 1:54 PM

Mr. Stallings

**Attached hereto is a Proof of Loss:** Please be advised that it does not include what the costs will be, to remove the subject vessel from the land it's on, and salvage it. We are in the process of obtaining those costs.

**Also attached is the Insurance policy:** Please note that the only place a captain requirement is mentioned is on the renewal notice.

It was suppose to be removed. Further, no rider was ever attached to the actual policy.

On page 7 of the policy you will see were the owner is approved to operate the vessel.

**Additionally, I have attached the rejection letter** from York Risk Services, which clearly states,

their only reason for the rejection is because the owner brought the boat to the Bahamas himself without a captain; this of course is

ridiculous; what does him bringing the boat over have to do with a hurricane that occurred over a month later.

He brought the bought over on July 28, 2019 to have work done on it, and Hurricane Dorian hit the Bahamas on August 31, 2019,

over a month later.

There is no reason for denying coverage. One has nothing to do with the other.

As I stated, the owner took out the policy in 2015. Since he had no experience as captain in that boat;

although he had a bigger boat at one time, he agreed to hire a captain for 30 days. That condition was never removed from the renewal notices,

which contradict the actual policy language.

We never received a copy of York's survey report, that their surveyor Scott Armstrong conducted.

Should you have any further questions, please contact me.

Regards,
Ron Anania
(954) 448-1872
[Quoted text hidden]

--

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the addressee(s) named herein and may contain confidential information, legally privileged information and attorney-client work product. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you have received this email in error, please notify the sender by email, telephone or fax, and permanently delete the original and any printout thereof. Thank you. Law Offices of Ronald J. Anania, P.A., phone: (954) 745-6099  fax: (954) 745-6098, email: ananialawfirm@gmail.com

---

**3 attachments**

 **SERENDIPITY EXECUTED PROOF OF LOSS.pdf**
547K

**SERENDIPITY INSURANCE POLICY.pdf**
13270K

**SERENDIPITY REJECTION LETTER.pdf**
2483K

 Gmail                                    **Ronald Anania <ananialawfirm@gmail.com>**

## RE:[SR#:1-991728523] Filed with the Florida Department of Financial Services

<servicepoint@myfloridacfo.com>                                         Mon, Nov 18, 3:03 PM
Reply-To: <servicepoint@myfloridacfo.com>
To: <ananialawfirm@gmail.com>

Dear RONALD ANANIA:]:

Thank you for contacting the Florida Department of Financial Services regarding your insurance concerns.  The
Service Request Number assigned to your file is:

1-991728523

In an effort to bring your matter to resolution, we have contacted UNDERWRITERS AT LLOYD'S, LONDON. Pursuant
to s. 624.307(10)(b), Florida Statutes, insurance companies are allowed 20 days from the date we contacted them
to respond to inquiries made by the Department of Financial Services. In order to allow time for us to review all
information provided, we respectfully request that you allow up to 30 days to complete the handling of your
request.

If you have supporting documentation that you would like to add to your file, you may do so by replying to this e-
mail and adding the attachments to your response.  When replying, please do not change the information in the
subject line.

Please be advised that the information provided to the Department of Financial Services becomes a public record
and is subject to a public record request.  Before the documents leave the Department, personal information such
as social security numbers, financial information, your name and contact information or health information is
removed from the document.

Sincerely,
Joshua Stallings
Insurance Specialist III

Division of Consumer Services

Florida Department of Financial Services

-----Original Message-----
From: [Email Sender Address]
Sent: [Planned]
To: [Email Recipient Address]
Subject: [Description]

[Email Body]



**CONSUMER SERVICES**
*Department of Financial Services*

December 13, 2019

Ronald Anania
10910 Sw. 10th Ct Davie
Fort Lauderdale, FL 33324

Re:   Service Request Number: 1-991728523
      Company Name: Underwriters At Lloyd's, London

Dear Ronald Anania:

Thank you for contacting the Florida Department of Financial Services, Division of Consumer Services regarding your Vessel Insurance concerns with Underwriters At Lloyd's, London. We have received a response to the inquiry we made on your behalf.

The company indicates they are maintaining their position regarding the claim for the constructive total loss of the vessel. The company stands behind two clauses found in the policy contract that states a full time licensed captain employed for the maintenance and care of the vessel is required. Furthermore, a license captain is required to be aboard anytime the vessel is underway. The company states, that due to there being no captain aboard the vessel to carry out protective measures and insure the measures taken were administered correctly before the hurricane arrived, the company has the right to deny the claim. Our Department has no jurisdiction to adjudicate in matters that pertain to fact or law. Due to the contractual dispute surrounding this claim, this is deemed a civil matter and should be further handled in the courts.

Should you have additional questions regarding this matter, please contact me at 850-413-5805.

We appreciate the opportunity to provide assistance. For more details on insurance or financial matters, we invite you to visit us on the web at www.myfloridacfo.com/Division/Consumers. While there, be sure to select our Understanding Coverage link for more information regarding Vessel Insurance. Our Consumer Guides, On Demand Library and Insurance Library contain articles and interactive educational videos to help you make informed financial decisions. If you prefer, you may speak to an Insurance Specialist by calling our Consumer Helpline at 1-877-693-5236 between 8:00 am and 5:00 pm EST.

Sincerely,

Joshua Stallings

FLORIDA DEPARTMENT OF FINANCIAL SERVICES • DIVISION OF CONSUMER SERVICES
www.myfloridacfo.com/Division/Consumers
Joshua Stallings • Insurance Specialist III
200 E. Gaines St. • Tallahassee, FL 32399-0322
Toll-free: 1-877-693-5236 • Direct: 850-413-3089 • Fax 850-413-1550
Affirmative Action • Equal Opportunity Employer

 Gmail

**Ronald Anania <ananialawfirm@gmail.com>**

## M/Y Serendipity

**Andrew N. Mescolotto** <andrew.mescolotto@fertig.com>
To: "ananialawfirm@gmail.com" <ananialawfirm@gmail.com>

Mon, Nov 4, 2019 at 5:34 PM

Hi Ron,

My firm was retained this afternoon to represent the underwriters for M/Y Serendipity.   Your letter of October 25 (attached), contained a 10 day time limit to respond.  That deadline would pass tomorrow.

I am waiting for the claim file and other materials from York Risk Services and underwriters.   May we have an additional 10 days to review the claim, speak to the involved persons and respond substantively to your client's demand?

With regard to the current status of the vessel, please instruct your client that it has a duty to mitigate damages by acting as a reasonably prudent uninsured.

This communication is made on a without prejudice basis and in no way should be construed as a waiver of underwriters' coverage position with regard to this loss.

Thank You,

Andrew N. Mescolotto

Fertig & Gramling

200 SE 13 Street

Fort Lauderdale, FL 33316

954.763.5020

954.763.5412 (f)

anm@fertig.com

 **LF Anaia - Serendipity.pdf**
915K


EXHIBIT
4

# SEAWAVE YACHT INSURANCE POLICY WORDING
20th APRIL 2000. AMENDED 1ST FEBRUARY 2014





ESTABLISHED 1981

*Produced exclusively for*

# ATLASS SPECIAL RISKS INC
1300 SE 17TH STREET. SUITE 220. FORT LAUDERDALE, FL 33316



EXHIBIT
5
ALL-STATE LEGAL®

TABLE OF CONTENTS

SEAWAVE YACHT INSURANCE POLICY

READ YOUR POLICY CAREFULLY

INTRODUCTION ................................................................................................. Page 1

CONTRACT DEFINITIONS ................................................................................ Page 2

ACTIONS TO TAKE IN EVENT OF A LOSS .......................................................... Page 3

BOAT CONTRACT INSURANGE AGREEMENT .................................................. Page 3

SECTION 1 - HULL .............................................................................................. Page 4

SECTION 2 – PROTECTION AND INDEMNITY ................................................. Page 7

SECTION 3 – MEDICAL PAYMENTS AND FUNERAL EXPENSES.................... Page 9

SECTION 4 – PERSONAL EFFECTS ................................................................... Page 9

SECTION 5 – UNINSURED BOATER COVERAGE ............................................ Page 10

SECTION 6 – WAR AND STRIKES COVERAGE ................................................ Page 10

GENERAL CONDITIONS .................................................................................. Page 12

LLOYD'S PRIVACY POLICY STATEMENT ......................................................... Page 16

CONTACTING US ............................................................................................. Page 17

# INTRODUCTION

The following is a legal contract between *You* (the named *Insured*) and *Us* (The Participating Underwriters as detailed herein) consisting of this *Contract* including a *Declarations Page* and Endorsement Page incorporated therein.

The *Declarations Page* shows the information (detailed within the proposal form completed and signed by *You*), which applies, specifically to *Your Boat* and the insurance *You* have purchased in respect of *Your Boat.*

Among other things, the *Declarations Page* shows:

- *You*, as the named insured;

- The property covered;

- The coverages and amounts of insurance *You* have chosen;

- The charges for these coverages;

- The term *Your Contract* is in effect;

- The Underwriters providing *Your* coverage;

- *Your Contract* number;

- The name of the lienholder, if any;

- The navigation limits;

- The endorsements effective;

- The *Deductible(s).*

**The Endorsement Page(s) show the agreed variation(s) to Your Contract. You should review the Contract wording, Declarations Page and Endorsement Page(s) carefully to be sure that they provide and identify the coverages and amounts of insurance that You require.**

# CONTRACT DEFINITIONS

A.  "*You*" and "*Your*" - means the *Insured* named on the *Declarations Page* and any person who has any legal or beneficial interest in any corporation, trust or entity declared as the owner of the *Boat* declared on the *Declarations Page* or described as an additional insured thereon.

B.  "*We*", "*Us*" and "*Our*" - means the Underwriters providing this insurance named on the Schedule of Insurers.

C.  "*Insured Persons*" - means *You*, and any other person operating the insured *Boat* with your prior permission. This does not include: a paid captain or paid crewmember or a person or organization or their agent or employee operating a marina, shipyard, yacht club, charter operation, sales agency or like organization unless agreed by *Us* and amended by endorsement hereto.

D.  "*Boat Trailer*" - means the boat's trailer, which is exclusively used for that purpose.

E.  "*Navigation Limits*" - means all waters as limited and shown on the *Declarations Page* unless agreed by *Us* and amended by endorsement hereto.

F  "*Collision Liability*" – means *We* will indemnify you for any sum or sums paid by *You* to any other person or persons by reason of *You* becoming legally liable by way of damages for loss of or damage to any other boat or property of any other boat or delay to or loss of use of any such other boat or property thereon where such payment by *You* is in consequence of *Your Boat* hereby insured coming in collision with any other boat, up to the Combined Limits stated in Section 1 and 2 of the *Declarations Page* without application of any *Deductible*.

G.  "*Salvage Charges*" - means those reasonable charges and expenses which are incurred by *You* if necessary to prevent damage, injury or loss of life and with our permission to prevent or minimize any further loss or damage covered by Section "A" of this insurance.

H.  "*Deductible*" – means a *Deductible* is the first amount of any claim, which must be paid by *You*. If a *Deductible* is applicable to any Section of your *Contract*, the amount will be shown on the *Declarations Page* and this amount shall be deducted from the amount payable on each admissible claim.

I.  "*Bodily Injury*" - means physical and direct bodily injury or death arising from an accident occurring during the period of this *Contract* arising from the ownership and/or use of the *Boat*.

J.  "*Property Damage*" - means property damage occurring during the period of this insurance arising from the ownership and/or use of the *Boat* insured hereunder.

K.  "*Boat*" - means the *Boat* described on the *Declarations Page* and may include integral components, equipment and accessories normally used on the *Boat* and pertinent to the operation of the *Boat*. The *Boat* includes hull(s), deck, cabin, deck hardware and fixtures and fittings, for the use and/or safety of the *Boat* on deck or below deck machinery, masts, spars, rigging and sails, equipment, accessories, tender(s) and trailer, that would not normally be demountable and would be sold with the *Boat*, and includes generators, refrigerators, desalinators, air conditioning and hydraulic equipment.

L.  "*Boat Machinery*" - means the motor(s) being inboard or outboard and their drive units, being stern drive or jet, and their transmission boxes, jet units, shafts, propellers, skegs and wiring control cables.

M.  "*Boat Mast(s), Spars, Rigging and Sails*" - means masts, booms and fittings including spinnaker poles, standing and running rigging and sails both in use and on the *Boat*.

N.  "*Boat Equipment*" - means instruments and electronic equipment which is not normally demountable and safety equipment in accordance with regulations and any other equipment intended for use with and/or safety of the *Boat* which includes boat canopies and covers, anchors, oars, extra fuel tanks, batteries, tools and all other equipment normally demountable but excluding property of a personal nature.

O.  "*Boat Tender(s)*" - means the *Boat's* tender(s) (dinghy) and the motors, provided you are the owner and the tender is used to service the *Boat*.

P.  "*Age of Boat*" – means the age of the scheduled *Boat* calculated by subtracting the year of manufacture from the current calendar year.

# ACTIONS TO TAKE IN THE EVENT OF A LOSS

Immediately upon a loss *You* are to immediately notify *Us* of the loss and its circumstances and take all necessary steps to protect the property from further loss. *We* will pay the reasonable expenses incurred in doing this when the loss is covered under this *Contract*. *We* do not pay for your labor or personal expenses and *We* do not pay an amount exceeding the insured value of *Your Boat*.

### *Following a loss, You* are to:

– Comply with any reasonable request made of *You* by *Us*;
– In the event of submersion, immediately flush out, oil and dry motors, electrical equipment and components;
– In the event of theft, immediately notify the Coast Guard, Harbor Patrol, Police or other appropriate authority.
– Give *Us* the opportunity to inspect the damaged property before it is repaired or discarded;
– Submit a claim form and/or a statement describing the loss (owner's or master's statement of loss) and any records needed to verify the loss, its amounts and if requested, your interest in any property loss;
– Assume no obligation, admit no liability and incur no expense for which *We* may be liable without our written permission, other than allowable expenses incurred to protect the property from further loss.
– Immediately forward to *Us* any legal papers or notices received in connection with the loss.
– Co-operate with *Us* in the investigation, defense or settlement of any loss and agree to be examined under oath if *We* so request;

Examination under Oath – *You* will, as often as may be reasonably required, allow access to any person designated by *Us* all that remains of the insured property. So far within *Your* power *You* shall submit *Your* employees, members of the household and others to examinations under oath by *Us* and as often as may be reasonably required, shall produce for examination all original documents (or certified copied originals if originals are lost), at such reasonable time and place as may be designated by *Us* or *Our* representative. *You* shall permit extracts and copies to be made. No such examinations under oath or any other act of *Ours* or *Our* representatives in the investigation of any claim shall be deemed affirmation of coverage or waiver of any defense by *Us*, such acts being without prejudice to *Our* liability;

– Allow examinations by physicians of our choice, when pertinent to the loss;
– Help *Us* to obtain copies of medical reports and records;
– Give *Us* a final notarized statement ("Statutory Declaration") if requested.

### Payment of Loss:

After *We* receive all statements and supporting papers, *We* will promptly process *Your* claim. Upon agreement with *You* of the amount to be paid, *We* will ask *You* to complete a proof of loss as discharge of liability. After submission of this document payment will be issued to *You* and/or any lien holder and/or repair Yard, *Your* co-operation is needed to expedite settlement and payment.

### Our Right to Recover:

If *You* have the right to recover from another party who is responsible for a loss to the insured *Boat* and if *We* pay *Your* loss under the *Contract*, this right of recovery will belong to *Us* up to the amount paid by *Us* and *You* shall cooperate and assist *Us*, as necessary, in *Our* recovery efforts.

# BOAT CONTRACT INSURING AGREEMENT

*We*, The Underwriters, and *You*, the insured, agree to comply with the terms of this *Contract* for our mutual benefit on the condition that *You* pay the charges and use reasonable care and diligence in the operation and maintenance of the insured *Boat*, we will pay for direct physical loss or damage to the Boat from any external cause minus any applicable *Deductible* as shown on the *Declarations Page*.

Notwithstanding the above, coverage afforded hereon is in accordance with attached wording and may be varied by endorsement as shown within Endorsement Page(s) contained in this *Contract*, such endorsements being specifically noted on the *Declarations Page*.

# SECTION 1 – HULL

If a **Sum Insured** is shown for Section 1 on the **Declarations Page, We** will pay for direct accidental physical loss or damage to Your Boat which occurs during the period of this insurance contract within **Navigation Limits** as detailed on the above mentioned **Declarations Page** and subject to the terms and conditions of this **Contract**. At **Our** option, **We** may pay the reasonable cost of repairing **Your Boat**. The amount(s) payable under this Section will not exceed the amounts shown on the **Declarations Page** under Section 1.

In the event **Your Boat** is a total loss or is deemed by **Us** to be a constructive total loss (where the expense of recovering and repairing **Your Boat** exceeds 80% of its insured value on the **Declarations Page**), **We** are entitled to the salvage value of **Your Boat** and **You** are required, at **Our** election, to tender abandonment of **Your Boat** to **Us** after **We** have paid **Your** claim in full in accordance with the terms of this **Contract. We** are not required, however, to accept abandonment of **Your Boat.**

**Cover** is also provided for the following:

A.  **We** will pay all agreed and necessary salvage charges occasioned by a loss insured under this Section. **Our** liability for salvage charges shall not exceed 100% of the **Sum Insured** under Section 1 of the insurance;

B.  **We** will indemnify **You** for any sum or sums paid by **You** to any other person or persons by reason of **You** becoming legally liable by way of damages for loss of or damage to any other boat or property on any other boat, delay to or loss of use of any such other boat or property thereon where such payment by **You** is in consequence of **Your Boat** hereby insured coming in collision with any other boat;

C.  If **Your Boat** is designed to be trailer-able and is being towed by **You** and **You** are complying with all the statutes and laws, **We** will pay for any loss of or accidental damage to **Your Boat** while it is in transit by land, within a 500 mile radius from the normal place of storage as stated within your signed application form;

D.  **Emergency Services** - **We** will pay the reasonable cost **You** incur (not to exceed USD200.00 per occurrence) resulting from the following emergency service to **Your Boat**: Mechanical labor up to one hour at the place of breakdown and the cost of delivery of gas, oil, loaned battery or change of tire. **No Deductible applies to this coverage;**

Notwithstanding the above **We** do not pay for the cost of the above items.

E.  **Towing - We** will pay up to USD500.00 for towing to the nearest place where necessary repairs can be made. **No Deductible applies to this coverage;**

F.  **We** will cover theft of **Your Boat** subject to the following terms and conditions:

  –  Where **Your boat** is stored ashore in no event will **We** cover theft of **Your Boat**, trailer or equipment, outboard(s) or out drive(s) attached to the boat or stored therein unless **Your Boat**, trailer or equipment, outboard(s) or out drive(s) are stored within a locked fenced enclosure or secured building and there is evidence of violent and forcible entry into the locked fenced enclosure or secured building; and a police report has been made;

  –  During land transits as covered under sub-section C above, **We** will only cover theft of **Your Boat** and trailer where such are not left unattended;

  –  While **Your Boat** is afloat, theft of **Your** trailer when not in use or left unattended will only be covered if **Your** trailer is fully immobilized by the attachment of wheel clamps or other professionally manufactured anti-theft devices which immobilize **Your** trailer.

  In addition to the above **We** will also cover:
  –  theft of equipment, outboard motor(s), outdrive units attached to or stored within **Your Boat** while **Your Boat** is afloat or moored afloat, provided there is evidence of violent and forcible removal from **Your Boat**.

Notwithstanding the foregoing, under Section 1 of this Contract:
  i)  **We** will not provide any coverage for loss or damage directly or indirectly caused by theft where **Your Boat** is designed for or has fitted triple or quad outboard motor propulsion.

ii)    *We* will not indemnify *You* for any amount which *You* may become legally liable in respect of removal of obstructions under statutory powers;

iii)   *We* will not indemnify *You* for injury or damage to Harbors, Wharves, Piers, Stages and similar structures consequent upon such collision(s);

iv)    *We* will not indemnify *You* for loss of life or personal injury or loss of income of any other boat or person.

# DEDUCTIBLE

A.    *Partial Loss*
      *We* will apply a *Deductible* as stated on the *Declarations Page* in respect of each and every claim.

B.    *Total Loss*
      Unless caused by a Named or Numbered Windstorm, no *Deductible* applies to claims for actual and/or constructive total loss of the *Your Boat*. Claims for actual and/or constructive total loss of *Your Boat* caused by a Named or Numbered Windstorm are subject to the Windstorm Deductible stated on the *Declarations Page*.

*We* agree with *You* that the insured *Boat* and other covered property shall be valued at the amount shown on the *Declarations Page* less any applicable *Deductible* as stated on the Declaration Page or as detailed above.

# EXCLUSIONS

We do not provide coverage under Section 1 (Hull) for losses or damages arising directly or indirectly from:

A.    Any pre-existing physical loss or damage caused to *Your Boat* prior to the commencement of this insurance with or without *Your* knowledge;

B.    All loss or damage however caused to *Your Boat* while such is being transported on any means of conveyance other than while being towed by *You* in accordance with statutes and laws within a 500 mile radius from the normal place of storage as stated within Your signed application form;

C.    Wear and tear, gradual deterioration, osmosis, wet or dry rot, corrosion, weathering, marring, scratching, denting, vermin, pets or marine life, or electrolytic or galvanic action;

D.    Manufacturers defects or defects in design;

E.    the cost of replacing or repairing any part, component or piece of equipment (including the hull) that fails as a result of a latent defect; however We do provide coverage for any resulting loss or damage to Your Boat not otherwise excluded under the Contract;

F.    Any loss or damage caused to *Your Boat* in respect of mechanical and/or electrical breakdown unless such damage is the result of other loss covered by this policy;

G.    Loss or damage to *Your Boat's* motors caused by or resulting from seizure and/or overheating unless consequent upon an accident, which is a claim under the Contract;

H.    Theft or larceny or infidelity by *You* or any other party in control and operating *Your Boat* with *Your* authority;

I     *We* will not provide theft coverage if *Your Boat* is designed for or has triple or quad outboard motor propulsion.

J.    Loss or damage to *Your Boat* and/or its equipment due to abandonment by *You* or any other party in control of *Your Boat* with *Your* authority;

K.    Any claims caused by or arising out of the unseaworthiness or lack of repair of *Your Boat* caused by the lack of reasonable care and due diligence in the safeguard or maintenance of *Your Boat* by *You* or any other party in control of *Your Boat* with *Your* authority;

L.    All loss, damage or expenses intentionally caused to *Your Boat* by *You* or any other party in control of *Your Boat* with *Your* authority;

M.    Any liability for wages or provisions furnished to paid master or crew;

N.    Dropping off or falling overboard of outboard motors;

O.    Mysterious disappearance of *Your Boat* and /or its equipment or personal property whatsoever;

P.    Loss or damage to sails and protective covers split by the wind or blown away while set unless in consequence to damage to the spars to which sails are bent, or occasioned by *Your Boat* being stranded or in collision or contact with any external substance (ice included), other than water;

Q.    Loss or damage caused to or of personal effects, clothing of any description, water ski equipment, diving equipment, fishing equipment, moorings, provisions & fuel unless an amount is shown on the *Declarations Page(s)* under Section 4. "Personal Effects;"

R.    Any personal expenses or those of *Your* family including but not limited to, cost of *Your* own labor, hotel or accommodation costs, car rental, communication costs;

S.    Loss caused by delay and or loss of use and enjoyment of *Your Boat* and or its equipment;

T.    Negligence or breach of contract in respect of any repair or alteration work carried out for *Your* account or in respect of the maintenance of *Your Boat*;

U.    Loss or damage to the dinghy and or tender while being towed behind *Your Boat* or any other boat. Damage to *Your Boat* or boat(s) or outboard motors caused by attempted theft unless there is visible evidence of attempted violent and forcible removal;

V.    Damage, delay or loss of use and enjoyment of *Your Boat* or its equipment, caused by any arrest or detainment by any government, military or usurped power or corporation or entity;

W.    Bottom painting including anti-fouling or barrier coating unless following a recoverable loss hereunder;

X.    Moorings, provision and fuel.

## GENERAL

Payments in the event of:

*Total or Constructive Total Loss* – *We* will pay *You* the Agreed Values shown on the *Declarations Page* if *Your Boat* is totally lost, or if the cost of recovery and repair exceeds 80% of the Agreed Value.

*Partial Loss* – If the hull is made in whole or in part of plywood, fiberglass, metal or other material of similar nature its repair shall be made by applying suitable patches to the damage hull area in accordance with generally accepted good repair practice.

**If the scheduled boat is 10 years of age or less, repairs are made on a "new for old" basis without depreciation, with the following exceptions:**
- a)    Internal &/or external protective covers, canvas, vinyl and other like material – 20% per annum;
- b)    Internal &/or external upholstery, fabrics, wall coverings, carpets and rugs – 20% per annum;
- c)    Batteries – 20% per annum;
- d)    Outboard motors – 20% per annum;
- e)    Inflatable tenders or dinghies – 12.5% per annum.

These items are subject to payment on the basis of depreciated cash value. Depreciated cash value means replacement cost less the annual percentage factor of depreciation noted for each;

**If the scheduled boat is greater than 10 years of age the following applies:**

Notwithstanding the foregoing loss or damage to internal &/or external paints, finishes, gelcoat, or other covering, bottom paint including but not limited to anti-fouling or barrier coat finishes, sails, standing and running rigging, internal &/or external protective covers, canvas, vinyl, other like material, internal &/or external upholstery, fabrics, wall coverings, carpets and rugs, machinery including but not limited to engines, generators, water making and waste systems, outboards motors, outdrives, trim tabs, stabilizers, batteries and solar charging panels, electrical equipment including but not limited to internal and external appliances, winches, pump motors and electrical deck gear, inflatable tenders or dinghies, hard FRP composites, aluminum, wooden tenders or dinghies will be subject to payment on the basis of depreciation cash value less the applicable **Deductible**. Depreciated cash value means replacement cost less the annual percentage factor of depreciation shown as follows:

    a)      Bottom paint including but not limited to anti-fouling or barrier coat finishes 50% per annum;

    b)      Sails, standing and running rigging – 12.5% per annum;

    c)      Internal and/or external upholstery, fabrics, wall coverings, carpets and rugs protective covers, canvas, vinyl and other materials – 20% per annum;

    d)      Outboard Motors – 20% per annum;

    e)      Batteries and solar charging panels – 20% per annum;

    f)      Inflatable, tenders or dinghies – 12.50% per annum;

    g)      Hard FRP, composites, aluminum or wooden tenders or dinghies – 10% per annum;

    h)      Internal and /or external paints, finishes, gelcoat or other covering – 10% per annum;

    i)      Electrical equipment including but not limited to internal and external appliances, winches, pump motors and electric deck gear – 10% per annum;

    j)      Machinery including but not limited to engines, generators, water making and waste systems – 7% per annum;

    k)      Outdrives, trim tabs, stabilizers – 20% per annum.

    l)      The cost of dry-docking and/or lay-days shall be adjusted in accordance with the required time to complete the repair of covered losses.

However in no event shall the depreciated value be less than 20% of the replacement cost. Reasonable labor costs to repair or replace the damage items following a recoverable claim shall be payable in full subject always to the application of the appropriate **Deductible**.

# SECTION 2 – PROTECTION AND INDEMNITY

**We** will pay on **Your** behalf all sums which **You** shall become legally liable to pay as damages subject to the terms and conditions of this insurance and the limits stated in Section 2 of the Declaration for:

-    **Bodily Injury** or **Property Damage** for which **You** are legally liable to pay as a result of an accident arising out of ownership, maintenance or use of **Your Boat**;

-    **Property Damage** to another boat for which You are liable when those sums exceed the amount of insurance provided in the Collision Liability Clause in Section 1 – Hull, but in no event will **We** be obligated to pay more than the combined limits stated in Sections 1 and 2 of the **Declarations Page**;

-    **Removal of wreck** – **We** will pay for the removal or disposal of the wreck of **Your Boat** if **You** are legally obligated to do so. **We** will also pay the amount for which **You** are held liable if **Your** attempts to remove the wreck fail;

-    **Accidental physical loss** or **damage** to the marine environment including reefs and sea grass.

It is agreed that if a claim occurs for which **We** would have been liable for but owing to the default, act or omission upon **Your** part in obtaining from **Us** such coverage, **We** are not bound to accept liability.

It is agreed that the person in charge of and in control of **Your Boat** while making way or under way shall only be **You** or others as may be permitted by the terms and conditions of this **Contract**.

Coverage under this Section applies to all claims by paid crewmembers that **You** are obligated to pay, up to the maximum number of crew shown on the **Declarations Page**, for bodily injury sustained while in the service of **Your Boat**, up to and not exceeding the maximum amount of insurance shown for Protection & Indemnity coverage on the **Declarations Page** for all claims arising from any one event, and subject to all **Contract** terms, conditions and exclusions.

Notwithstanding the aforementioned, *Our* maximum *Limit of Liability* under the *Contract* shall not exceed the amount of insurance shown for liability coverage on the *Declarations Page*.

# EXCLUSIONS

We do not provide liability coverage for:

a) *Bodily injury* or *property damage* intentionally caused by *You*;

b) *Bodily injuries* for which benefits are required to be provided or are available under any State or Federal compensation law or act;

c) *Bodily injury* to any person who is employed by *You* and who is engaged in the operation, maintenance, use or repair of *Your Boat* other than paid crewmembers as provided for in section 2;

d) *Bodily injury* or *property damage* arising out of the transportation of *Your Boat* on land or by sea craft or by air;

e) Liability which has been assumed by You under any contract or agreement;

f) Any fine or penalty assessed by a governmental unit;

g) Liability to fare paying passengers or passengers carried under charter;

h) Liabilities, medical expenses, costs, fees or any other related expense whatsoever arising out of illness or injury in any way related to or caused by exposure to the sun or the suns rays either cumulatively or suddenly;

i) Any claim arising from or directly or indirectly caused by or associated with asbestosis or lead poisoning or Human T-Cell Lymphotropic Virus type III (HILV II) or Lymphadenopathy Associated Virus (LAV) or the mutants derivatives or variations thereof or in any way related to Acquired Immune Deficiency Syndrome (AIDS) or any syndrome or condition of a similar kind howsoever it may be named;

j) *Bodily injury* to any person or persons while being towed by *Your Boat*, including waterskiing, glider(s), kite(s), parasailor(s) or other airborne or experimental devices. *Your Boat* will be deemed to be used for towing from the time any person or persons begin to leave *Your Boat*, when towing commences, or when towing is in progress and until all persons or objects have been safely landed on board *Your Boat* or elsewhere;

k) *Bodily injury* to any person or persons while engaged in sub-aqua activity involving the use of aqualung or other sub-aqua equipment or submersible craft, hard hat diving activities or skin diving of any kind. This exclusion applies to all injuries whether sustained in whole or in part while leaving *Your Boat* to enter the water, while in the water, or while boarding *Your Boat* on return from the water, including but not limited to any injuries sustained as a direct result of the negligence of anyone in connection with said equipment.

l) *Bodily Injury* or *Personal Injury* or loss of, damage to or loss of use of property directly caused by seepage into or onto or pollution of or contamination of air, land, water or any other property, however caused and whenever happening. The words "loss of, damage to or loss of use of property" as used in this Exclusion include, but shall not be limited to: the cost of evaluation, monitoring, controlling, removing, nullifying or cleaning-up any seeping, polluting or contaminating substances.

This Exclusion (l) shall <u>not</u> apply where:

such seepage, pollution or contamination was accidental and was neither expected nor intended by *You*, and the occurrence is identified as commencing at an instantaneous moment in time within a seventy-two (72) hour period during the period of this insurance, and the occurrence is reported to *Us* within thirty (30) days of the occurrence becoming known to *You*, in which event coverage will be provided for *Bodily Injury* or *Personal Injury* or loss of, damage to or loss of use of property directly caused by seepage into or onto or pollution of or contamination of air, land, water or any other property up to the maximum OPA 90 *Limit of Liability* as set forth in 33 CFR Section 138.230(a)(5), as amended on July 31, 2009 or thereafter, for vessels other than "tank vessels."

It is agreed that this insurance excludes liability for any or all punitive damages or damages assessed against You by way of punishment, fine or penalty.

### LONGSHOREMEN'S AND HARBOR WORKERS' COMPENSATION ACT

If *You* have elected protection under Section 2, coverage shall be limited to the *Contract* Protection and Indemnity limit or USD500,000 whichever is less.

### AGGREGATE LIMIT OF LIABILITY

Unless stated to the contrary, the amount shown for Boating Liability under Section 2 on the *Declarations Page* is the most *We* will pay regardless of the number of Insured Persons, claims made or Boats involved in any one accident, or series of accidents, arising out of the same event.

# SECTION 3 – MEDICAL PAYMENTS AND FUNERAL EXPENSES

If a *Sum Insured* is shown for Section 3 on the *Declarations Page*, *We* will pay the necessary medical and funeral expenses (including transportation costs to Country of Domicile and/or burial) resulting from an accident causing bodily injury to passengers and/or guests occurring during the period of this insurance while in, upon, boarding or leaving *Your Boat.* These expenses must be incurred within one year from the date of the accident. This coverage will be excess of any other applicable insurance.

### EXCLUSIONS:

*We* do not provide Expenses for:

1)   The *Insured Person* &/or the beneficial owner however *We* do provide coverage in respect of a related household member(s) while in, upon or leaving *Your Boat*;

2)   Any liability assumed by *You* under any separate contract or agreement;

3)   Anyone who is injured while the *Boat* is being transported;

4)   Injury to a trespasser on the *Boat*;

5)   *Your* employees; or Injuries for which benefits are required to be provided or are available under any State or Federal compensation law or act.

*Limit of Liability.* In any one accident, or series of accidents arising out of the same event, *We* will not be liable for medical and funeral payments beyond the amount shown on the *Declarations Page* regardless of the number of persons involved or claims made in the accident.

# SECTION 4 – PERSONAL EFFECTS

If a total *Sum Insured* is shown for Section 4 on the *Declarations Page*, with all items valued above USD 300.00 separately scheduled, *We* will pay for all direct physical loss or damage to personal effects from any accidental cause, except as excluded below:-

–   This coverage only applies to the effects owned by *You* and *Your* immediate family but only while the personal effects is aboard *Your Boat* or being loaded onto or from *Your Boat.*
–   Where you employ paid crew, *We* will also cover *Your* paid crew's personal effects while aboard *Your Boat* or being loaded onto or unloaded from *Your Boat.*
–   *We* will only cover sports fishing gear and tackle following theft or total loss of *Your Boat.*
–   *We* will pay the actual cost value of the effects at the time of the loss or the amount shown on the *Declarations Page*, whichever is the lower sum (less the *Deductible*).
–   *We* will not be liable for personal effects covered under *Your* Homeowners insurance policy or any other insurance placement(s)
–   In any one accident, *We* will not be liable for personal effects beyond the amount shown on the *Declarations Page* regardless of the number of persons involved or claims made in respect of any one accident or occurrence.
–   *We* reserve our rights to request proof of purchase of any item being claim hereunder. Failure to produce proof of purchase will negate any claim being made under this insurance.

### EXCLUSIONS:
1)   *We* do not provide personal effects coverage in respect of sports equipment, cameras, currency, jewelry, furs, china, silver, works of fine art, valuable papers, documents, antiques, collectibles, computer hardware (including laptop computers), I-Pods, computer software, credit cards, watches and travelers checks.

2)   *We* do not provide personal effects coverage for loss or damage caused by wear and tear, gradual deterioration, mechanical or electrical failure or disturbance, corrosion or inherent vice, dampness, temperature changes or mysterious disappearance;

3)   *We* do not provide theft coverage unless there is evidence of forcible and violent entry and removal from *Your* locked *Boat* or locked place of storage contained within *Your Boat.*

# SECTION 5 – UNINSURED BOATER COVERAGE

If a *Sum Insured* is shown for Section 5 on the *Declarations Page* We will provide coverage in respect of:

–   "Uninsured Boat owner" means an owner or operator of a boat other than the Boat named in this Contract who is legally responsible for the accident and to whom no liability policy applies; or who cannot be identified.

*We* will pay the damages, which, because of *Bodily Injury* received aboard *Your Boat*, *You* are legally entitled to recover from an uninsured owner or operator of another boat, subject to the following Limit of Liability:
**Limit of Liability**: The *Limit of Liability* shall be the limit shown on the *Declarations Page* of the *Contract*, and this shall be *Our* maximum *Limit of Liability* for all damages resulting from any one accident. This is the most *We* will pay regardless of the number of:

–   Covered persons;
–   Claims made;
–   Boats or premiums shown in the Declarations: or
–   Boats involved in the accident.

Any amount otherwise payable for damages under this coverage shall be reduced by all sums paid because of the *Bodily Injury* by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Section 1 and any payment under this coverage will reduce any amount that person is entitled to recover for the same damages.

*We* do not provide Uninsured Boat owner coverage for:
1)   Claims settled without our written consent;
2)   Boats owned by or furnished for the regular use of *You*, a member of *Your* family or any person insured by this *Contract*;
3)   An *Insured* using a Boat without permission;
4)   When *Your Boat* named on the *Declarations Page* is being used in a commercial adventure;
5)   Where no evidence of physical contact exists between *Your Boat* and an uninsured boat.

# SECTION 6 – WAR AND STRIKES COVERAGE

If a *Sum Insured* is shown for Section 6 on the *Declarations Page*, and subject always to the exclusions hereinafter referred to, this insurance covers loss of or damage to *Your Boat* caused by

6.1   war, civil war, revolution, rebellion, insurrection, or civil strife arising therefrom or any hostile act by or against a belligerent power
    6.1.2   capture, seizure, arrest, restraint or detainment, and the consequences thereof or any attempt thereat
    6.1.3   derelict mine, torpedoes, bombs or other derelict weapons of war
    6.1.4   strikers, locked-out workmen or persons taking part in labor disturbances, riots or civil commotions
    6.1.5   any terrorist or any person acting from a political motive
    6.1.6   confiscation or expropriation
        Provided that the insurance provided under this section (with the exception of Clause 6.1.4) shall not apply before Your Boat has been launched or while she is hauled out ashore.

6.2   **INCORPORATION**
    Sections 1, 3, 4 & 5 are deemed to be incorporated in this insurance insofar as they do not conflict with the provisions of these clauses and providing that any indemnity in respect of any sum or sums for which *You* may become legally liable in respect of any one accident or series of accidents arising out of the same event shall be limited to the sum stated for this purpose in this insurance or, if no such amount is stated, to the *Sum Insured* in respect of *Your Boat*.

6.3   **DETAINMENT**
    In the event that *Your Boat* shall have been the subject of capture, seizure, arrest, restraint, detainment, confiscation or expropriation, and which You shall thereby have lost the free use and disposal of *Your Boat* for a continuous period of 12 months then for the purpose of ascertaining whether *Your Boat* is a constructive total loss which You shall be deemed to have been deprived of the possession of *Your Boat* without any likelihood of recovery.

6.4 **EXCLUSIONS**

This insurance excludes:

6.4.1    loss, damage, liability or expense arising from

      6.4.1.1   any detonation of any weapon of war employing atomic or nuclear fission and/or fusion or other like reaction or radioactive force or matter, hereinafter called a nuclear weapon of war

      6.4.1.2   the outbreak of war (whether there be a declaration of war or not) between any of the following countries: United Kingdom, United States of America, France, the Russian Federation, the People's Republic of China

      6.4.1.3   requisition or pre-emption

      6.4.1.4   capture, seizure, arrest, restraint, detainment, confiscation or expropriation by or under the order of the government or any public or local authority of the country in which Your Boat is owned or registered

      6.4.1.5   arrest, restraint, detainment, confiscation or expropriation under quarantine regulations or by reason of infringement of any customs or trading regulations

      6.4.1.6   the operation of ordinary judicial process, failure to provide security or to pay any fine or penalty or any financial cause;

      6.4.1.7   piracy (but this exclusion shall not affect cover under Clause 6.1.4 above)

6.4.2    loss, damage, liability or expense directly or indirectly caused by or contributed to or arising from

      6.4.2.1   ionizing radiations from or contamination by radioactivity from any nuclear fuel or from any nuclear waste or from the combustion of nuclear fuel

      6.4.2.2   the radioactive, toxic, explosive or other hazardous or contaminating properties of any nuclear installation, reactor or other nuclear assembly or nuclear component thereof

6.4.3    loss, damage, liability or expense covered by this wording or which would be recoverable hereunder but for Section 2 herein

6.4.4    any claim for any sum recoverable under any other insurance on *Your Boat* or which would be recoverable under such insurance but for the existence of this insurance

6.4.5    any claim for expenses arising from delay except such expenses as would be recoverable in principle in Floridian law and practice under the York-.Antwerp Rules 1974.

6.5 **TERMINATION**

6.5.1    The coverage provided by this section may be cancelled by *Us* or *You* giving 7 days notice (such cancellation becoming effective on the expiry of 7 days from midnight of the day on which notice of cancellation is issued by or to *Us*) *We* agree however to reinstate this insurance subject to agreement between *Us* and *You* prior to the expiry of such notice of cancellation as to new rate of premium and or conditions and/or warranties.

6.5.2    Whether or not such notice or cancellation has been given this insurance shall TERMINATE AUTOMATICALLY

6.5.2.1   upon the occurrence of any hostile detonation of any nuclear weapon of war as defined In Clause 6.4.1.1 above wherever or whenever such detonation may occur and whether or not *Your Boat* may be involved

6.5.2.2   upon the outbreak of war (whether there is a declaration of war or not) between any of the following countries: United Kingdom, United States of America, France, Russian Federation, The Peoples Republic of China

6.5.2.3   in the event of *Your Boat* being requisitioned, either for title or use.

**The following exclusions will only apply where this Section 6 is non-operational**

**WAR EXCLUSION**

In no case shall this insurance cover loss, damage, liability or expense caused by

war, civil war, revolution, rebellion, insurrection or civil strife arising therefrom, or any hostile act by or against a belligerent power capture, seizure, arrest, restraint or detainment (barratry and piracy excepted), and the consequences thereof or any attempt thereat derelict mines, torpedoes, bombs or other derelict weapons of war.

**STRIKES AND POLITICAL ACTS EXCLUSION**

In no case shall this insurance cover loss, damage, liability or expense caused by

-   strikers, locked-out workmen, or persons taking part in labor disturbances, riots or civil commotions

-   any terrorist or any person acting from a political motive

# GENERAL CONDITIONS

### CHANGES IN CONTRACT
This Contract contains all the agreements between *You* and *Us*. No changes may be made unless agreed by *Us* in writing.

### NAMED OPERATOR
If the insured *Boat* has speed capability exceeding 45 knots, the *Boat* may only be operated by *You* and/or another operator declared to and approved in advance by *Us* in writing.

### CONTINUATION CLAUSE
If *You* have been at sea in *Your Boat* for more than 24 consecutive hours and this *Contract* expires (other than by cancellation), the *Contract* will remain in effect until *You* arrive at *Your* next port and while moored there for 24 consecutive hours, provided that *You* notify *Our* office within the first 24 consecutive hours of *Your* arrival and make the necessary arrangements as may be required by *Us* to renew Your *Contract*.

### COMPLIANCE WARRANTY
It is warranted by *You* that all necessary or required licenses, permits and certificates pertaining to the use and operation of *Your Boat* are in force and effect as of the effective date of the coverages provided, and will be so during the period of this insurance, and that during all such times *You* will comply with all laws, rules and regulations that apply to the uses to which *You* employ *Your Boat*.

### CANCELLATION AND RETURN PREMIUM
*You* may cancel at any time by returning this Contract to *Us* or by providing *Us* with advance written notification of the cancellation date. If *You* request cancellation, the return premium will be short rate. *We* may cancel this *Contract* by notifying *You* in writing at least ten (10) days before the date the cancellation is to take place.

This cancellation notice may be mailed to You at the address shown on the *Declarations Page* and such mailing shall be sufficient proof of notice. If *We* cancel, the return premium will be pro-rata. In the event of a total or constructive total loss, the full annual premium will be due and considered fully earned.

### OTHER INSURANCE
*You* or an *Insured Person* may have other insurance which covers *Your* or the *Insured Person's* losses. If so, the most *We* will pay for the loss (other then Section 3) will be calculated in this way:

First, *We* will add the total applicable coverage limits of all valid and collectible insurance covering the loss;

Second, *We* will figure what percentage *Our* coverage limit is of this total;

Finally, *We* will multiply the amount of *Your* or an *Insured Person's* loss by this percentage. The result is the most *We* will pay.

### TRANSFER OF INTEREST
If You sell, transfer, mortgage or pledge *Your Boat* or this *Contract, Contract* coverage will cease unless *You* have *Our* prior written consent.

### INBOARD MACHINERY
Where *Your Boat* is fitted with inboard diesel or electrical engine, no liability shall attach to this insurance in respect to any claim caused by or arising through fire or explosion unless *Your Boat* is equipped in the engine room (or engine space) tank space and galley or galley area with a fully functional fire extinguishing system automatically operated at the steering position or manual fire extinguisher(s) installed in an accessible position.

In addition to the above and where *Your Boat* is fitted with an inboard gasoline engine, it must be equipped with a fully functional fire suppression or sniffer system in addition to fully functional manual fire extinguisher(s) or fire extinguishing system automatically operated at the steering position.

Where such systems and safeguards are fitted, it is further warranted that such equipment is properly installed and maintained in efficient working order.

## RENEWAL SURVEY CLAUSE

Failure to comply with the clause, as set out below, will result in automatic non-renewal of this insurance.

If *We* hereby give the *Insured* formal notice that a new, up to date out of water survey is required no less than sixty (60) days prior to the expiration date on the Declaration Page to which this clause attaches. You are hereby notified that, in the event said survey is not furnished within the time provided for above, *Your Contract* will not be renewed and will expire on the expiration date set forth within this *Contract*. It is also noted and agreed by the *Insured* that this clause is evidence of the requirements under the applicable law and that no other formal written notice is required from *Us* with respect to the survey requirement and with respect to non-renewal of the *Contract* in the event the requested survey is not provided within the time provided for above.

## SEAWORTHINESS WARRANTY

It is warranted that the scheduled Boat is seaworthy at the inception of this *Contract*.

Violation or failure to comply with of this warranty will void this *Contract* from its inception.

Furthermore and unless *We* have agreed in writing to the contrary, if we request a survey of the scheduled *Boat* then such survey must be received as required in writing by *Us*. If the survey makes any recommendations with respect to the scheduled *Boat*, then it is an express warranty of this *Contract* that *We* require *Your* written confirmation of compliance with all such recommendations pertaining to safety and seaworthiness prior to any loss giving rise to any claim hereunder.

## NON-DISCLOSURE OR MISREPRESENTATION

This *Contract* is rendered null and void from its inception in the event of non-disclosure or misrepresentation of facts or circumstances material to *Our* acceptance of this insurance. No action or inaction by *Us* shall be deemed a waiver of this provision.

## CYCLONE, TYPHOON, HURRICANE & NAMED OR NUMBERED WINDSTORM

It is agreed that in the event of a Named or Numbered cyclone, typhoon, hurricane & windstorm warning, *You* will make every reasonable endeavor to remove *Your Boat* from the water or to a cyclone or typhoon or hurricane-proof shelter or slip or take all other reasonable precautions as may be necessary to safeguard *Your Boat*.

## NAMED OR NUMBERED WINDSTORM DEDUCTIBLE CLAUSE

Loss of or physical damage to property insured arising from Named or Numbered Windstorm, meaning a Tropical Depression, Tropical Storm, Hurricane & Windstorm Named or Numbered by the National Weather Service or National Hurricane Center during the period 1st June to 15th November inclusive, when *Your Boat* is within the following area: *Florida, Georgia, South Carolina, North Carolina, Bahamas and US Gulf States*, including all navigable waters therein, shall be subject to a *Deductible* as shown on the Declaration Page Section 1, which shall apply to each and every claim for such loss of or physical damage to property insured, including total loss of the property insured.

Notwithstanding the foregoing and where *Your Boat* is either based or operating within the Caribbean or West Coast of Central America & Mexico (East Coast and West Coast) including Gulf of Mexico the following shall apply:
Shall be subject to a *Deductible* as shown on the Declaration Page Section 1, which shall apply to each and every claim for such loss of or physical damage to property insured, including total loss of the property insured.
This clause shall override any provisions contained in this *Contract* to the contrary.

### 10/11/03
### INSTITUTE CYBER ATTACK EXCLUSION CLAUSE

1.1   Subject only to clause 1.2 below, in no case shall this insurance cover loss, damage, liability or expense directly or indirectly caused by or contributed to by or arising from the use or operation, as a means for inflicting harm, of any computer, computer system, computer software program, malicious code, computer virus or process or any other electronic system.

1.2   Where this clause is endorsed on policies covering risks of war, civil war, revolution, rebellion, insurrection, or civil strife arising therefrom, or any hostile act by or against a belligerent power, or terrorism or any person acting from a political motive, Clause 1.1 shall not operate to exclude losses (which would otherwise be covered) arising from the use of any computer, computer system or computer software program or any other electronic system in the launch and/or guidance system and/or firing mechanism of any weapon or missile.

CL 380

## U.S.A. & CANADA ENDORSEMENT FOR THE INSTITUTE RADIOACTIVE CONTAMINATION, CHEMICAL, BIOLOGICAL, BIO-CHEMICAL AND ELECTROMAGNETIC WEAPONS EXCLUSION CLAUSE 10/11/03

This **Contract** is subject to the Institute Radioactive Contamination, Chemical, Biological, Bio-Chemical And Electromagnetic Weapons Exclusion Clause 10/11/03 (RACCBE). The inclusion of RACCBE in this Contract is material to underwriters' willingness to provide coverage at the quoted terms, conditions and rates.

It is the intent of the parties to give maximum effect to RACCBE as permitted by law.

In the event that any portion of RACCBE may be found to be unenforceable in whole or in part under the law of any state, territory, district, commonwealth or possession of the U.S.A., or any province or territory of Canada, the remainder shall remain in full force and effect under the laws of that state, territory, district, commonwealth or possession, province or territory. Further, any such finding shall not alter the enforceability of RACCBE under the laws of any other state, territory, district, commonwealth or possession of the U.S.A., or any province or territory of Canada, to the fullest extent permitted by applicable law.
USCAN B
29/01/04

### SEVERAL LIABILITY NOTICE
The subscribing insurers' obligations under contracts of insurance to which they subscribe are several and not joint and are limited solely to the extent of their individual subscriptions. The subscribing insurers are not responsible for the subscription of any co-subscribing insurer who for any reason does not satisfy all or part of its obligations.
08/94
LSW1001 (Insurance)

### SERVICE OF SUIT CLAUSE (U.S.A.)
It is agreed that in the event of the failure of **Us**, the Underwriters, severally subscribing this insurance (the Underwriters) to pay any amount claimed to be due hereunder, **We**, the Underwriters, at the request of **You**, the **Insured**, will submit to the jurisdiction of a court of competent jurisdiction within the United States of America.

Notwithstanding any provision elsewhere in this insurance relating to jurisdiction, it is agreed that **We**, the Underwriters have the right to commence an action in any court of competent jurisdiction in the United States of America, and nothing in this clause constitutes or should be understood to constitute a waiver of **Us**, the Underwriters', rights to remove an action to a United States Federal District Court or to seek remand there from or to seek a transfer of any suit to any other court of competent jurisdiction as permitted by the laws of the United States of America or any state therein.

Subject to **We**, the Underwriters', rights set forth above:
(a) It is further agreed that **You**, the **Insured**, may serve process upon any senior partner in the firm of:

Mendes & Mount (Attorneys), 750 Seventh Avenue, New York, N.Y. 10019-6829

and that in any suit instituted against any one of them upon this contract **We**, the Underwriters will abide by the final decision of the Court or of any Appellate Court in the event of an appeal.

(b) The above-named are authorized and directed to accept service of process on behalf of **Us**, the Underwriters, in any such suit and/or upon the request of **You**, the **Insured**, to give a written undertaking to **You**, the **Insured**, that they will enter a general appearance upon **Us**, the Underwriters', behalf in the event such a suit shall be instituted.

(c) The right of **You**, the **Insured**, to bring suit as provided herein shall be limited to a suit brought in its own name and for its own account. For the purpose of suit as herein provided the word **Insured** includes any mortgage under a ship mortgagee which is specifically named as a loss payee in this insurance and any person succeeding to the rights of any such mortgagee.

(d) Further, pursuant to any statute of any state, territory or district of the United States of America which makes provision therefore, **We**, the Underwriters, hereby designate the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office (the Officer), as their true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of **You**, the **Insured**, or any beneficiary hereunder arising out of this contract of insurance, and hereby designate the above-named as the person to

whom the Officer is authorized to mail such process or a true copy thereof.

If this clause is attached to a contract of reinsurance the terms insurance and *Insured* shall mean re-insurance and Re-insured respectively.

**Conformity to Statute**: Any provision in this *Contract* that conflicts with any State statute is hereby amended to conform to the minimum requirements of the State statute.

**Abandonment:** *We, the Underwriters* need not accept or pay for any of *Your, the Insured's*, property abandoned by *You*, the Insured.

**Impairment of recovery:** *You, the Insured* shall render to Us, the underwriters, all possible aid in obtaining information and evidence should *We, the underwriters*, desire to take proceedings at Our, the Underwriters, own expense and for *Our, the underwriters*, own benefit in *Your, the Insured's* name.

### Defenses and Cost

With respect to the coverage provided by *Us, the Underwriters*, to an *Insured Person*, *We* will:

- Defend any suit against an *Insured Person* alleging claims and seeking damages which are within the coverage provided by this Contract even if such suit is groundless, false or fraudulent, but *We, the Underwriters*, may make such investigation, negotiation and settlement of the claims or suit as *We, the Underwriters*, may deem necessary;
- Pay, in addition to the applicable limits of insurance coverage stated in the relevant Section(so) on the Declaration Page:

All expenses incurred by *Us, the Underwriters*, or taxed against an *Insured Person* in any such suit and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before *We, the Underwriters*, have paid or tendered or deposited in Court that part of the judgment which does not exceed such limit;

All reasonable expenses other than loss of earnings incurred by an *Insured Person* at *Our, the Underwriters*, request; provided that immediate notice of any such claim or suit is given to *Us, the Underwriters*, as required above by the Insured Person and provided that *We, the Underwriters,* will have the right to appoint counsel of *Our, the Underwriters* choice to investigate and, as *We, the Underwriters*, believe necessary, to defend such suits. Failure to provide such notice may prejudice the insurance coverages provided by this *Contract* of insurance.

**Co-Loss Payee**: If a co-loss payee is named in this insurance, any loss payable will be paid to the co-loss payee and *You, the Insured*, as interest may appear. If more than one co-loss payee is named, the order of payment will be the same as the order of precedence of the co-loss payees, subject to the other terms and provisions of this insurance, *We, the Underwriters* cover the interests of the co-loss payee.

**Punitive or Consequential Damages:** In no event will the coverage that is provided by this insurance include any coverage for punitive or exemplary damages awarded against an *Insured Person* for any reason whatsoever nor will coverage include consequential damages, including loss of use or loss due to delay, whether claimed against *Us, the Underwriters*, by an *Insured Person* or third person.

**Renewal:** The period of insurance shown on the *Declarations Page*. This *Contract* may be renewed for successive periods if the required premium is paid and accepted by *Us, the Underwriters*, or agreed to be paid and accepted by *Us, the Underwriters*, on or before the expiration of the current period. The premium will be calculated at a rate agreed by *Us, the Underwriters*.
**Held Covered:** If the Navigation Limits of this Contract are breached for reasons beyond *Your* control, coverage will remain in effect, provided:

*We, the Underwriters*, receive written notice as soon as the facts with respect to the breach are known to *You* and the appropriate additional premium is paid at the current rates then in effect.

## GENERAL EXCLUSIONS APPLICABLE TO ALL SECTIONS OF THIS CONTRACT

This Contract does not cover:

1) The *Deductible* as defined in the *Contract* Definitions;

2) Any claims arising when *Your Boat* or any substitute Boat is:
   a) Unless stated herein to the contrary being used for other than private pleasure purposes or is let out on hire or charter or used for reward of any kind;
   b) power boats being used for racing, ski trials, speed tests, time trials or any like event, unless extended;
   c) being used for illegal activities. This exclusion (c) does not apply if *You* were not the person using or in control of the *Your Boat* and *You* prove to *Us* that *You* did not consent to the use of *Your Boat* by a person in such circumstances;
   d) while left moored or anchored unattended off an exposed beach or shore. This does not preclude visits to the shore during daylight hours; subject always that in the event of adverse weather conditions arising immediate return to *Your Boat* is required;
   e) while participating in sailboat races where there is an international YRU jury.

### NUCLEAR EXCLUSION
In no case shall this insurance cover loss, damage, liability or expense arising from:

– any weapon of war employing atomic or nuclear fission and/or fusion or other like reaction or radioactive force or matter;

– Ionizing radiations from or contamination by radioactivity from any nuclear fuel or from any nuclear waste from the combustion of nuclear fuel;

– the radioactive, toxic, explosive or other hazardous properties of any explosive nuclear assembly or nuclear component thereof.

### DELIBERATE GROUNDING/BEACHING EXCLUSION CLAUSE
*We* will not pay for any physical loss or damage directly or indirectly caused by *Your Boat* or her tenders or dinghies, jet skis and the like being deliberately grounded or beached.

# LLOYD'S PRIVACY POLICY STATEMENT

### UNDERWRITERS AT LLOYD'S, LONDON
Certain Underwriters at Lloyd's, London want *You* to know how *We* protect the confidentiality of *Your* non-public personal information. *We* want *You* to know how and why *We* use and disclose the information that *We* have about you. The following describes our policies and practices for securing the privacy of *Our* current and former customers.

### INFORMATION WE COLLECT
The non-public personal information that *We* collect about *You* includes, but is not limited to:
– Information contained in applications or other forms that *You* submit to *Us*, such as name, address, and social security number
– Information about *Your* transactions with Our affiliates or other third-parties, such as balances and payment history
– Information *We* receive from a consumer-reporting agency, such as credit-worthiness or credit history

### INFORMATION WE DISCLOSE
*We* disclose the information that *We* have when it is necessary to provide *Our* products and services. We may also disclose information when the law requires or permits *Us* to do so.

### CONFIDENTIALITY AND SECURITY
Only *Our* employees and others who need the information to service *Your* account have access to *Your* personal information. *We* have measures in place to secure Our paper files and computer systems.

### RIGHT TO ACCESS OR CORRECT YOUR PERSONAL INFORMATION
*You have a right to request access to or correction of Your personal information that is in Our possession.*

**CONTACTING US**

If *You* have any questions about this privacy notice or would like to learn more about how *We* protect your privacy, please contact the agent or broker who handled this insurance. *We* can provide a more detailed statement of *Our* privacy practices upon request.
06/03
LSW1135B

**COMPLAINT PROCEDURES**

*We* care about the service *We* provide to *Our* customers and set ourselves high standards. If *We* do not meet *Your* expectations or *You* are dissatisfied in some way *We* would like to know. If *You* have a problem, please follow the steps outlined below.

**Step one**

The issue can be raised orally or in writing to the person at *Your* broker or agent handling *Your* insurance. Please have *Your* *Contract* or claim number ready as a reference.

**Step two**

Within 5 business days of receipt, *Your* broker or agent will send You an acknowledgement in writing, informing You of the person who will be dealing with *Your* concerns, and confirming Our understanding of the issues *You* raised, if appropriate.

If *We* are unable to respond immediately, a written response will be given within 20 business days, unless the issue is sufficiently complicated to warrant further investigation, or if it requires a review of information outstanding from a third party, in which case *You* will be advised accordingly. If *We* have to do this *We* will inform *You* in writing of the reasons why *We* have been unable to resolve *Your* problem and why *We* need more time to do so. *We* will also tell you when *You* can expect Our final response.

**Step three**

In the event a complaint from an insured is brought to *Our* attention by any State Insurance Commissioner's Office, or equivalent, Atlass Special Risks, Inc. will promptly inform *Us, the Underwriters* and take immediate appropriate action to solve or placate the matter keeping Underwriters fully informed of the situation.

**Step four**

If You are unable to resolve the situation and wish to make a complaint, You can do so at any time by referring the matter to Lloyd's Policy Holder and Market Assistance Department, Lloyd's, One Lime Street, London, England, EC3M 7HA.

| | |
|---|---|
| Tel: | 01144 20 7327 5693 |
| Fax: | 01144 20 7327 5225 |
| E-mail: | complaints@lloyds.com |

Copies of *Our* complaints procedures are also available from the above address.

**Step five**

Complaints that cannot be resolved by Lloyd's Complaints Department may be referred to the Financial Ombudsman Service.

Form No. C 39

BAHAMAS CUSTOMS DEPARTMENT

# TEMPORARY CRUISING PERMIT

SERIAL NO.  423198

Port of _____ TCB _____

| Vessel's Name | Document or Reg. No. | Tons | Crew | Port of Registry | Master's Name | Value of Vessel | Port and Date of Departure |
|---|---|---|---|---|---|---|---|
| Serendipty | D0114966 | 15 | 3 | U.S.A | Eric Papalini | 350k | Cape Canaveral 27.7.19 |

## REPORT OF EQUIPMENT AND STORES

| DUTY PAID AND FREE | DUTY NOT PAID |
|---|---|
|  |  |

I, _____ Eric Papalini _____ of _____ Florida _____

in the city of _____ Orlando _____ hereby declare that I have imported

the motor/sail boat described above for temporary use and that it is my intention to take it out of The Bahamas within 6 months

of the date of this permit in accordance with the provisions of the Customs Management Act and Regulations.

BIF 7861300 - 300.00

I agree to the value of $ 350,000
in respect of the above vessel and its equipment.

Date _____ 27 _____ July _____ 209 _____

Signature _____

Master or Owner

Issued this _____ 27 _____ day of _____ July _____ 20 19 _____

Comptroller of Customs

ABACO

N.B. In order to fulfill his obligations, the Master is required to return his copy of this form to the Customs Officer at the port
of departure from The Bahamas or to the Comptroller of Customs, P. O. Box 155, Nassau, N.P., The Bahamas.

ALL-STATE LEGAL®
EXHIBIT
6



October 11, 2019

VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED

Serendipity at Sea, LLC
C/O Michael S. Oakley
6300 Marina Drive
Orlando, FL 32810

| | |
|---|---|
| Claim No.: | 100334 |
| Insured: | Serendipity at Sea LLC |
| Date of Loss: | 8/31/2019 |
| Policy Number: | 187581 |
| Effective Dates: | 10 June 2019 to 10 June 2020 |

Dear Mr. Oakley,

York Risk Services Group is the third party claims administrator on behalf of Certain Underwriters at Lloyd's of London subscribing to the SeaWave Insurance Policy issued to you. It is in this capacity that I write. Certain Underwriters at Lloyds of London (Underwriters) issued its Certificate 187581 in connection the reference claim. This subject letter is in response to the claim filed for damage to your vessel described as a 2004 61' Viking Hull ID: VSC61081B304 that was reported to have resulted from Hurricane Dorian.

We have completed our investigation into the facts and circumstances involving this loss. We assigned an independent surveyor, Scott Armstrong of Charles Taylor, to assist with the inspection and investigation into the cause of the loss.

It is the opinion of the surveyor, Scott Armstrong that the cause of the loss was due to Hurricane Dorian. We reviewed your policy and noted that it is warranted that a licensed captain is employed and is aboard while the vessel is underway. As per your e-mail dated September 18 2019, you advised that you moved the boat to the Bahamas and there was no licensed Captain aboard for that voyage.

After reviewing this matter, it is the position of SeaWave Yacht Insurance that no coverage exists under the Yacht Policy issued to Serendipity at Sea, LLC for the reported damages. On behalf of the Underwriters, we draw to your attention the following policy language, in part:

## DEFINITIONS

A. *"You" and "Your"* - means the *Insured* named on the *Declarations Page* and any person who has any legal or beneficial interest in any corporation, trust or entity declared as the owner of the Boat declared on the *Declarations Page* or described as an additional insured thereon.

B. *"We", "Us" and "Our"* - means the Underwriters providing this insurance named on the Schedule of Insurers.

EXHIBIT
7
ALL-STATE LEGAL®

J. *"Property Damage"* - means property damage occurring during the period of this insurance arising from the ownership and/or use of the *Boat* insured hereunder.

K. *"Boat"* - means the *Boat* described on the *Declarations Page* and may include integral components, equipment and accessories normally used on the *Boat* and pertinent to the operation of the *Boat*. The *Boat* includes hull(s), deck, cabin, deck hardware and fixtures and fittings, for the use and/or safety of the *Boat* on deck or below deck machinery, masts, spars, rigging and sails, equipment, accessories, tender(s) and trailer, that would not normally be demountable and would be sold with the *Boat*, and includes generators, refrigerators, desalinators, air conditioning and hydraulic equipment.

L. *"Boat Machinery"* - means the motor(s) being inboard or outboard and their drive units, being stern drive or jet, and their transmission boxes, jet units, shafts, propellers, skegs and wiring control cables.

M. *"Boat Mast(s), Spars, Rigging and Sails"* - means masts, booms and fittings including spinnaker poles, standing and running rigging and sails both in use and on the Boat. ACTIONS TO TAKE IN THE EVENT OF A LOSS

Immediately upon a loss *You* are to immediately notify *Us* of the loss and its circumstances and take all necessary steps to protect the property from further loss. *We* will pay the reasonable expenses incurred in doing this when the loss is covered under this *Contract*. *We* do not pay for your labor or personal expenses and *We* do not pay an amount exceeding the insured value of *Your Boat*.

*Following a loss, You* are to:
-- Comply with any reasonable request made of *You* by *Us*;
-- In the event of submersion, immediately flush out, oil and dry motors, electrical equipment and components;

## BOAT CONTRACT INSURING AGREEMENT

*We, The Underwriters, and You, the insured, agree to comply with the terms of this Contract for our mutual benefit on the condition that You pay the charges and use reasonable care and diligence in the operation and maintenance of the insured Boat, we will pay for direct physical loss or damage to the Boat from any external cause minus any applicable Deductible as shown on the Declarations Page*

Notwithstanding the above, coverage afforded hereon is in accordance with attached wording and may be varied by endorsement as shown within Endorsement Page(s) contained in this *Contract*, such endorsements being specifically noted on the *Declarations Page*

## COVERAGE – SEA WAVE YACHT INSURANCE CERTIFICATE 141278

SECTION 1 – HULL

If a *Sum Insured* is shown for Section 1 on the *Declarations Page*, *We* will pay for direct accidental physical loss or

1080 Eldridge Parkway, Suite 1200   *   Houston, TX 77077

2

damage to *Your Boat* which occurs during the period of this insurance contract within *Navigation Limits* as detailed on the above mentioned *Declarations Page* and subject to the terms and conditions of this *Contract*. At *Our* option, *We* may pay the reasonable cost of repairing *Your Boat*. The amount(s) payable under this Section will not exceed the amounts shown on the *Declarations Page* under Section 1.

In the event *Your Boat* is a total loss or is deemed by *Us* to be a constructive total loss (where the expense of recovering and repairing *Your Boat* exceeds 80% of its insured value on the *Declarations Page*), *We* are entitled to the salvage value of *Your Boat and You*

are required, at *Our* election, to tender abandonment of *Your Boat to Us* after *We* have paid *Your* claim in full in accordance with the terms of this Contract. *We* are not required, however, to accept abandonment of *Your Boat*.

*Cover* is also provided for the following:

A.   *We* will pay all agreed and necessary salvage charges occasioned by a loss insured under this Section. *Our* liability for salvage charges shall not exceed 100% of the *Sum Insured* under Section 1 of the insurance

**GENERAL CONDITIONS**

**CHANGES IN CONTRACT**
This contract contains all the agreements between *You* and *Us*. No changes may be made unless agreed by *Us* in writing.

**NON-DISCOSURE OR MISREPRESENTATION**
This *Contract* is rendered null and void from its inception in the event of non-disclosure or misrepresentation of facts or circumstances material to *Our* acceptance of this insurance. No action or inaction by *Us* shall be deemed a waiver of this provision.

The SeaWave's Yacht Policy contains an exclusion which is applicable to this situation.  The policy states:

CAPT. Warranty (FT Llc. M &C)

Warranted a full time licensed captain is employed for the maintenance and care of the vessel and is aboard while underway.

All other terms, clauses and conditions remain unchanged.
**Effective Date of Endorsement:**        10 June 2019

After careful review of all the facts, SeaWave Yacht Insurance declines coverage for damages incurred by Hurricane Dorian on or about 8/31/2019.

**Behind every good outcome**                              YORERISK.COM

If you disagree with the facts or conclusions expressed herein, please forward to the undersigned additional documentation supporting a finding of coverage within the next thirty (30) days. Any information received will be reviewed and a response will be provided to you in a timely manner.

This letter is written entirely without prejudice to any additional rights or defenses which are or might be available to SeaWave Yacht Insurance under the captioned yacht policy. SeaWave Yacht Insurance further continues to reserve each and every one of its rights in this matter. Any action taken to further investigate or review this matter is not to be construed as a waiver of any of the terms and conditions of the insurance contract. The rights of the party to the contract remain unaltered as defined therein. SeaWave Yacht Insurance hereby reserves its right to withdraw, amend or revise its position at any time in the future.

Thank you for your courtesy in this matter. If you have any questions about this letter or Underwriters' position, or if you have additional information that you believe we should consider, please contact the undersigned at alexander.cathro@yorkrisk.com.

Sincerely,

Alexander Cathro
Marine Claims Adjuster
York Risk Services Group
alexander.cathro@yorkrisk.com
281-809-1286

M **Gmail**

## Fwd: 100334 Serendipity

**Sean Oakley** <seanmoakley@gmail.com>                                                    Thu, Oct 10, 4:54 PM
To: <ananialawfirm@gmail.com>

---------- Forwarded message ---------
From: **Cathro, Alexander** <alexander.cathro@yorkrisk.com>
Date: Mon, Sep 23, 2019 at 12:07 PM
Subject: Re: 100334 Serendipity
To: Sean Oakley <seanmoakley@gmail.com>

This message was sent securely using Zix®

Sean,
   The surveyors are still working on a solution to get the vessel back to the US for repairs, but I think it is doubtful if they  will succeed, so a CTL is still a potential. As soon as I get a final answer from the surveyors I will let you know.
Regards
Capt. Alex Cathro
Marine Claims Adjuster
York Risk Services Group
1080 Eldridge Parkway, Suite 1200
Houston TX7077
Direct 281-809-1286
Fax 281-597-1488
Cell 281-782-3455
alexander.cathro@yorkrisk.com

On Mon, Sep 23, 2019 at 10:58 AM Sean Oakley <seanmoakley@gmail.com> wrote:
   Good morning Captain Alex!

   I was just checking in with you regarding our claim.  Has there been any progress?

   Thanks!

   Sean
   407-790-1473

   On Wed, Sep 18, 2019 at 11:10 AM Cathro, Alexander <alexander.cathro@yorkrisk.com> wrote: