IN THE UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:  0:20-cv-60520-RAR

SERENDIPITY AT SEA, LLC,

    Plaintiff,

vs.

UNDERWRITERS AT LLOYD'S OF
LONDON SUBSCRIBING TO POLICY
NUMBER 187581

    Defendants.
_____/

**DEFENDANTS, UNDERWRITERS AT LLOYD'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT FOR "BAD FAITH"**

Defendants, UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY NUMBER 187581 (hereinafter "UNDERWRITERS") hereby file this their Motion to Dismiss Count II of Plaintiff, SERENDIPITY AT SEA, LLC's (hereinafter "Plaintiff") State Court Complaint for "Bad Faith" for failure to state a cause of action and in support thereof states as follows:

**I.     INTRODUCTION**

This case was removed today from the 17th Judicial Circuit for Broward County, Florida where it was originally filed by the Plaintiff.    The dispute arises from Plaintiff's mistaken belief that UNDERWRITERS' breached their contract of insurance with the Plaintiff for yacht insurance.   In fact, it was the Plaintiff that failed to live up to its contractual obligations by breaching a policy warranty, making material misrepresentations to underwriters and failing to follow its hurricane plan.    The result of Plaintiff's multiple breaches and failures was that its' vessel the Motor Yacht Serendipity

was severely damaged when hurricane Dorian struck the Bahamas. Due to Plaintiff's breaches, UNDERWRITERS determined that there was no coverage for the loss.

Similarly, Plaintiff mistakenly believes that it is entitled to bring a statutory cause of action for bad faith against UNDERWRITERS under Florida Statute 624.155. This cause of action was plead in Count II of the state court complaint and is the subject of this Motion. As will be set forth below, Count II fails to state a cause of action for statutory bad faith and must be dismissed.

## II.     STANDARD OF REVIEW

Rule 12(b) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint against it based on, inter alia, plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a defendant's motion to dismiss, the reviewing court must "accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Peay v. Mortg. Elec.*, 514 Fed. Appx. 896, 897 (11th Cir.2013). Courts considering motions to dismiss are not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *McGee v. JP Morgan Chase Bank, NA*, 520 Fed. Appx 829, 831, (11th Cir. 2013)(citing *Bell Atlantic v Twombly*, 555 U.S. 544, 570 (2007)).

The Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 555 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Peay*, 514 Fed. Appx. at 897 ("A plaintiff must allege 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . .'"). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft.* at 678.

### III.     COUNT II OF PLAINTIFF'S COMPLAINT FAILS TO STATE A CAUSE OF ACTION UNDER FLORIDA STATUTE 624.155 AND MUST BE DISMISSED

In Count II of the state court complaint [DE 1-1], Plaintiff attempts to assert a cause of action for bad faith against UNDERWRITERS based on a purported violation of Fla. Stat. Section 624.155. Count Two seeks extra-contractual damages, attorney's fees and punitive damages. Plaintiff is most certainly putting the cart before the horse with this count of the complaint. This cause of action is not ripe and must be dismissed.

It is well-settled under Florida law that a cause of action against an insurer for bad faith does not accrue until the insured's underlying claim for insurance benefits in fully resolved. *Aligned Bayshore Holdings, LLC v. Westchester Surplus Lines Ins. Co.*, 2018 U.S. Dist. LEXIS 207823 at *5, 18-cv-21692-SCOLA, 2018 WL 6448632 (S.D. Fla. 2018) ("Actions against insurers for bad faith under *Fla. Stat. § 624.155* do not accrue until the insured's underlying claim for insurance benefits is resolved.").

A cause of action for bad-faith based on *Fla. Stat. §624.155* is not legally cognizable until two conditions are met:

> (i) there has been a judicial determination as to the existence of coverage under the applicable policy of insurance and
>
> (ii) the actual extent of the insured's damages have been determined.

*See Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1292 (Fla. 1991); *State Farm Florida Ins. Co. v. Seville Place Condo. Association, Inc.*, 74 So. 3d 105, 108 (Fla. 3d DCA 2011).

In this case, neither of the prerequisites required to bring a bad faith cause of action have been satisfied. It is clear from the allegations in the state court complaint that UNDERWRITERS denied Plaintiff's claim for coverage under the Policy of Insurance based on breach of warranty and other issues.   This was well within UNDERWRITERS' rights and was supported by the facts discovered during their investigation.   There has been no judicial determination of coverage, nor a determination of damages under the subject Policy of Insurance in favor of Plaintiff. These issues are presently before the Court under Count I of Plaintiff's state court complaint for breach of contract.

If, and only if, Plaintiff prevails on the issues of coverage and damages will a claim for bad-faith become ripe.   At that point, the Plaintiff would be required to prove the elements of bad faith.   As set forth in the Introduction above, Underwriters have meritorious and viable defenses to coverage.   Until Plaintiff prevails in the face of those defenses, which is extremely unlikely, the cause of action for Bad Faith (Count II) is premature and should be dismissed. *See Garcia v. Scottsdale Ins. Co.*, No. 18-20509-civ-SCOLA, 2018 U.S. Dist. LEXIS 117568; *Blanchard*, 575 So. 2d at 1292.

It is anticipated that Plaintiff will argue that its claim for Bad-Faith (Count II) should be "abated" instead of dismissed. However, this argument has been routinely rejected within the Southern District of Florida. *See Aligned Bayshore Holdings, LLC*, 2018 U.S. Dist. LEXIS 207823, at *5; 2018 WL 6448682; 18-cv-21692-SCOLA (dismissing, as opposed to abating, the cause of action for bad-faith); citing *Fantecchi v Hartford Insurance Co.*, 2015 U.S. Dist. LEXIS 181244, at *6; 2015 WL 1256629, 15-CIV-23969-ALTONAGA (S.D. Fla. 2018) (dismissing cause of action for bad-faith);

*Garcia*, 2018 U.S. Dist LEXIS 117568 at *8 (dismissing premature bad-faith claim); *Evedon v USAA Casualty Insurance Company,* 2016 U.S. Dist. LEXIS 183847 at *6, 15-civ-22139-LENARD (S.D. Fla. 2016)(dismissing pre-mature bad faith claim for lack of jurisdiction).

As explained by the Honorable Judge Lenard, the trial court lacks jurisdiction over a premature claim because there is no actual case or controversy until all prerequisites are met:

> It is clear that many courts have decided that, in the context of insurance cases, unripe claims may be abated for reasons of judicial economy. And while this Court recognizes the administrative benefits of staying or abating the bad faith claim, these concerns cannot override constitutional commands limiting the jurisdiction of federal courts. Justiciability is jurisdictional because if a matter is not ripe for decision, it ceases to be a case or controversy and the court lacks jurisdiction to proceed.

*Evedon*, 2016 U.S. Dist. LEXIS 183847 at *6 (internal quotations omitted); *see also Harris Patriot Healthcare Sols., LLC v. United States*, 95 Fed. Cl. 585, 597 (2010)("Staying the case while retaining jurisdiction is simply not an option because, having found that plaintiff's claims are either moot or unripe, the Court has no jurisdiction to hear them, and must dismiss the action."). Abatement of a premature bad-faith claim is also contrary to the Federal Rules of Civil Procedure. *See Fantecchi*, No. 15-23969-CIV-ALTONAGA, 2015 U.S. Dist. LEXIS 181244, at *6 ("Bringing a premature bad-faith claim is contrary to the Federal Rules of Civil Procedure."); *Aligned Bayshore Holdings, LLC,* 2018 U.S. Dist. LEXIS 207823, at *5.; *Nat'l Union Fire Ins. Co. v. Vinardell Power Sys.,* 19-20093-CIV-MORENO, 2019 U.S. Dis. LEXIS 55590 at *6 (Holding while dismissing a an unripe bad faith claim "Furthermore,  as a basic matter, a

litigant who has an unripe claim is not entitled to relief under the Federal Rules of Civil Procedure.").

Based on the forgoing authority, Count II of Plaintiff's state court complaint [DE 1-1] for bad faith must be dismissed.

## S.D. L.R. 7.1(a)(3) Statement

Motions to Dismiss are expressly exempted from the Pre-Filing Conference requirements of S.D. L.R. 7.1(a)(3).

WHEREFORE, the Defendant UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY NUMBER 187581 respectfully seek an order of this Honorable Court dismissing Count II of Plaintiff, SERENDIPITY AT SEA, LLC's state court complaint and for all further relief this Court deems just and proper.

Respectfully Submitted,

By: /s Andrew N. Mescolotto
ANDREW N. MESCOLOTTO (28141)
FERTIG AND GRAMLING
200 Southeast 13th Street
Fort Lauderdale, FL 33316
PH:   (954) 763-5020
FX:   (954) 763-5412
anm@fertig.com
Attorneys for the Defendants

## CERTIFICATE OF SERVICE[1]

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on March 11, 2020 on all counsel or parties of record on the Service List below. It was also served to Plaintiff's counsel via electronic mail, pending his appearance in this case.

Respectfully Submitted,

By: /s Andrew N. Mescolotto
ANDREW N. MESCOLOTTO (28141)
FERTIG AND GRAMLING
200 Southeast 13th Street
Fort Lauderdale, FL 33316
PH:   (954) 763-5020
FX:   (954) 763-5412
anm@fertig.com
Attorneys for the Defendants

## SERVICE LIST
Case Number - 0:20-cv-60520-XXXX

| Ronald J. Anania<br>Law Offices of Ronald J. Anania, P.A.<br>10910 SW 10th Court<br>Davie, FL 33324<br>PH: (954) 448-1872<br>ananialawfirm@gmail.com<br>*Attorney for Plaintiff*<br>*VIA E-MAIL* | ANDREW N. MESCOLOTTO (28141)<br>FERTIG AND GRAMLING<br>200 Southeast 13th Street<br>Fort Lauderdale, FL 33316<br>PH:   (954) 763-5020<br>FX:   (954) 763-5412<br>anm@fertig.com<br>*Attorneys for the Defendants*<br>*VIA CM/ECF* |
|---|---|

---

[1] The Motion to Dismiss was served by email to Plaintiff's counsel via email on March 10, 2020. This was done to avoid any argument that Underwriters were in default of the state court pleading. The federal case had been filed on March 10, 2020, however without the judicial assignment; CM/ECF would not accept the Motion to Dismiss to be filed.