UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60520-RAR

**SERENDIPITY AT SEA, LLC**,

    Plaintiff,

v.

**UNDERWRITERS AT LLOYD'S OF
LONDON SUBSCRIBING TO POLICY
NUMBER 187581**,

    Defendant.
_____/

## ORDER DENYING MOTION FOR JURY TRIAL

**THIS CAUSE** comes before the Court upon Plaintiff's Objection to the Court's Order for a Bench Trial and Motion for Jury Trial ("Motion"), [ECF No. 180], filed on February 25, 2023. After the Court ordered expedited briefing, *see* Paperless Order, [ECF No. 181], Defendant filed a response opposing the Motion. *See* [ECF No. 186].

Plaintiff's request for a jury trial, filed almost three years after this action was removed to this Court, is untimely. Federal Rule of Civil Procedure 38 requires that a party serve a jury demand "no later than 14 days after the last pleading directed to the issue is served." FED. R. CIV. P. 38(b)(1). A "pleading" for the purposes of Rule 38 are the pleadings listed in Rule 7(a): complaints, answers to complaints, answers to counterclaims, answers to crossclaims, third-party complaints, answers to third-party complaints, and replies to answers. *Landaeta v. Arvelaiz*, No. 13-22296, 2014 WL 12603176, at *1 (S.D. Fla. Nov. 21, 2014) (citing FED. R. CIV. P. 7(a)). If a party does not file a timely jury demand the party waives the right to a jury trial. FED. R. CIV. P. 38(d); *see also Thomas v. Home Depot USA, Inc.*, 661 F. App'x 575, 577 (11th Cir. 2016) ("A party's failure to serve and file a jury demand in compliance with Rule 38(b) constitutes a waiver of the right to a jury trial.").

Reviewing the record in the light most favorable to Plaintiff, the "last pleading" directed at the issue was Defendant's Answer and Affirmative Defenses to Plaintiff's Fourth Amended Complaint, [ECF No. 71], filed on December 9, 2020.[1] This set Plaintiff's deadline to file a jury demand as December 23, 2020. Given that Plaintiff's Motion was filed February 25, 2023, Plaintiff's request for a jury trial is 794 days late. Plaintiff's conclusory statement that it discussed a jury trial with prior counsel and that it believed this case would proceed to a jury trial is unpersuasive given it has previously acknowledged this case would be a bench trial. *See* Schedule Jointly Proposed by the Parties, [ECF No. 10], at 2 ("This is a non-jury case."). Therefore, Plaintiff has waived its right to a jury trial.[2]

Finally, Plaintiff is incorrect that the United States Court of Appeals for the Eleventh Circuit "ordered a jury trial." Mot. at 3. While the Eleventh Circuit referenced a "jury" in its decision, the clear meaning of these statements was simply that summary judgment was inappropriate and that triable issues remained. *Serendipity at Sea, LLC v. Underwriters at Lloyd's of London Subscribing to Pol'y No. 187581*, 56 F.4th 1280, 1290 (11th Cir. 2023). Thus, it is

**ORDERED AND ADJUDGED** that the Motion, [ECF No. 180], is **DENIED**. This case shall proceed to a bench trial as currently scheduled. *See* Scheduling Order, [ECF No. 178].

**DONE AND ORDERED** in Miami, Florida, this 7th day of March, 2023.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

[1] There is a strong argument the relevant "pleading" is in fact Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint, [ECF No. 25]. The Court addresses Defendant's response to the Fourth Amended Complaint because it views the record in the light most favorable to Plaintiff.

[2] While Plaintiff references Federal Rule of Civil Procedure 39, it does not analyze the factors for granting a jury trial under Rule 39(b). The Court has nevertheless analyzed the factors and finds they weigh in favor of denying the Motion. *See Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983) (listing factors).