UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60520-RAR

**SERENDIPITY AT SEA, LLC**,

    Plaintiff,

v.

**UNDERWRITERS AT LLOYD'S OF
LONDON SUBSCRIBING TO POLICY
NUMBER 187581**,

    Defendant.
_____/

## ORDER DENYING MOTION TO PERMIT DISCLOSURE AND REOPEN DISCOVERY

**THIS CAUSE** comes before the Court upon Plaintiff's Motion to Permit Disclosure of Expert Witness Out of Time, and to Reopen Discovery for Limited Purpose of Deposing Expert ("Motion"), [ECF No. 199].

Parties must disclose their expert witnesses and accompanying expert reports. FED. R. CIV. P. 26(a)(2). If a party does not timely disclose an expert witness the party may not use the witness at trial "unless the failure [to disclose] was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). When determining if the failure to disclose an expert witness was substantially justified or harmless courts consider "(1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Pediatric Nephrology Assocs. of S. Fla. v. Variety Children's Hosp.*, No. 16-24138, 2017 WL 5665346, at *4 (S.D. Fla. Nov. 6, 2017). Courts have "wide latitude . . . to exclude untimely submissions." *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1349 (11th Cir. 2004). Further, a court enjoys broad discretion to "hold litigants to the clear terms of its

scheduling orders." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011).

The Court finds Plaintiff's late disclosure neither substantially justified nor harmless as it would be extremely untimely and prejudicial.  Plaintiff's expert disclosures were due on October 7, 2020.  *See* Order Granting in Part Def.'s Unopposed Mot. to Extend Pretrial Deadlines and Trial, [ECF No. 47].  That was **921 days** before Plaintiff filed its Motion.  At this stage of the litigation, the Court has adjudicated a motion for summary judgment, Defendant has litigated this case through one appeal, and trial is in little more than a month.[1]  Additionally, discovery was already closed when the Eleventh Circuit remanded this case.[2]  Plaintiff's only explanation for its delay is a recent change in trial strategy, which the Court does not find to be good cause to deviate from its previously set deadlines.  Mot. at 3.  Therefore, the Motion, [ECF No. 199], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 18th day of April, 2023.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court granted Plaintiff's motion for a continuance and reset the trial to the two-week period beginning on May 22, 2023.  Paperless Order, [ECF No. 197].

[2] Counsel for Plaintiff agreed at the Status Conference, [ECF No. 177], held following remand:

> The Court: One thing to note.  When you say witness accounts, I think you can agree with me that we are fully closed in terms of discovery.  There's nothing left to be done other than figure out who's going to testify, come up with our witness and exhibit list, pretrial stipulations, and then pick a date, right?  I mean—
>
> [Counsel for Plaintiff]:  Yes, Your Honor.
>
> The Court: That's it, right?
>
> [Counsel for Plaintiff]: Yes.

Status Conference Tr. 2:9–17.