IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:  0:20-cv-60520-RAR

SERENDIPITY AT SEA, LLC,

    Plaintiff,

vs.

UNDERWRITERS AT LLOYD'S OF
LONDON SUBSCRIBING TO POLICY
NUMBER 187581 and

    Defendants.
_____/

**DEFENDANT UNDERWRITERS' MOTION FOR ATTORNEY'S FEES AND NON-TAXABLE COSTS WITH INCORPORATED MEMORANDUM OF LAW**

Defendant, UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY NUMBER 187581 (hereinafter "Underwriters"), by and through its undersigned counsel, hereby files its Motion for Attorney's Fees and Non-Taxable Costs with Incorporated Memorandum of Law and states as follows:

**INTRODUCTION**

On February 14, 2020, Plaintiff commenced this action in State Court by the filing of a Complaint against Defendant. On March 10, 2020, Defendant filed a Notice of Removal to this Court (DE #1, 3/10/20). On March 6, 2023, Defendant served a Notice of Proposal for Settlement on Plaintiff pursuant to Fla. Stat. § 768.69 (DE # 185, 3/6/23). (The Notice of Serving the Proposal for Settlement and the Proposal for Settlement is attached hereto as Exhibit A). Plaintiff did not accept Defendant's settlement proposal, and allowed the 30 day deadline to respond to expire. A bench trial was held in this matter, and on September 1, 2023, the Court issued an Order on the Bench Trial ruling in favor or Defendant. (DE # 255, 9/1/23). On the

same day, the Court entered a Final Judgment in favor of Defendant against Plaintiff. (DE # 256, 9/1/23). As the Court ruled in favor or Defendant, the offer was definitely more than 25% of the recovery made by Plaintiff in the matter. The Court retained jurisdiction as to attorney's fees and costs.

**CERTIFICATE OF CONFERRAL TO COMPLY WITH LOCAL RULE 7.1(a) and 7.3(b)**

The undersigned hereby certifies that a good faith effort was made to resolve the entitlement and quantum of fee issues as required by Local Rule 7.3(b) and Local Rule 7.1(a) Defendant served Plaintiff with its motion for attorney's fees and non-taxable costs together with the supporting documentation on October 26, 2023. Additionally, the parties conferred on multiple dates between October 26, 2023 and today, both by phone conference and email communication in an attempt to resolve the issues covered in the motion for fees and non-taxable costs. The outcome of that conferral is as follows:

1. Plaintiff contests the Defendant's entitlement to fees under Florida § 768.69 and will brief a response to this Motion explaining that position.

2. Plaintiff agrees that $50,000.00 is a fair and reasonable award for the attorney's fees sought in this Motion, if entitlement is found. The Defendant has agreed to compromise its attorney's fee claim from $56,362.00 to $50,000.00 so that the quantum of the attorney's fee award is not in dispute. The Parties have therefore stipulated that the quantum of the fee award is $50,000.00.

3. Plaintiff agrees that the mediation fee of $1,196.00 is properly awarded to the Defendant as a non-taxable cost, if entitlement is found.

## MEMORANDUM OF LAW

I. **Entitlement**

A. **This Case was Brought Under the Court's Diversity Jurisdiction Requiring the Application of Florida Law. The Parties further Stipulated to Diversity Jurisdiction and the Application of Florida Law.**

Defendant is entitled to attorney's fees in this matter as succinctly outlined by this Court earlier this year in *Guzy v. Qbe Specialty Ins. Co.*, 2023 U.S. Dist. LEXIS 22276. The *Guzy* Court noted that

> [t]he party seeking attorney's fees bears the burden of establishing entitlement. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *see also A.C.L.U. of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) ("[F]ee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)). Where, as here, the Court's jurisdiction is based on diversity of citizenship, state law governs a party's entitlement to attorney's fees. *See Prime Ins. Syndicate, Inc. v. Soil Tech Distributors, Inc.*, 270 F. App'x 962, 963 (11th Cir. 2008) (noting that the Eleventh Circuit has "consistently recognized that in diversity cases a party's right to attorney's fees is determined by reference to state law"). "Florida courts follow the 'American Rule' that attorney's fees may only be awarded pursuant to an entitling statute or agreement among the parties." *Am. Family Mut. Ins. Co. v. Alvis*, 72 So. 3d 314, 317 (Fla. 2d DCA 2011) (citing *Dade Cnty v. Pena*, 664 So. 2d 959, 960 (Fla. 1995)). The Eleventh Circuit has stated that "Florida's offer of judgment statute, Fla. Stat. § 768.79, is applicable to cases, like this one, that are tried in the State of Florida[.]" *McMahan v. Toto*, 311 F.3d 1077, 1081 (11th Cir. 2002); *Steffen v. Akerman Senterfitt*, No. 804CV1693T24MSS, 2007 U.S. Dist. LEXIS 115639, 2007 WL 9723389, at *4 (M.D. Fla. Mar. 20, 2007) ("Florida Statute § 768.79 is substantive in nature for *Erie* purposes and applies in diversity cases in federal court in Florida.").

*Guzy v. Qbe Specialty Ins. Co.*, 2023 U.S. Dist. LEXIS 22276, *4-5 (S.D. Fla. 2023).

Moreover during the Summary Judgment briefing in this case, the Magistrate found that Florida law applied to the subject insurance policy and therefore to this case (DE 103, p. 5 of 14). The Magistrate found, "Here, Insurer does not contend that the choice-of-law provision is unreasonable, unjust, or otherwise unenforceable. Therefore, Florida law applies." (*Id.* at p. 6 of

14).   The findings of the Magistrate in this regard were adopted by the District Court (DE 112, p. 1 of 2 "The Report [ECF No. 103] is **AFFIRMED AND ADOPTED**).

In addition to the District Court, adopting the Magistrate's findings regarding the application of Florida law, in the Joint Pre-Trial Stipulation, the Parties agreed that:

(1) The basis of federal jurisdiction was diversity (DE 203, p. 4 of 17) and

(2) Florida law governs the subject policy of insurance (DE 203, p. 13, ¶ 7(b)).

Based on the foregoing, there certainly can be no legitimate dispute that Florida law applies to the subject insurance policy and to this case.   With the application of Florida law, came the requirement for the Defendant to prove under the anti-technical statute that the breach of the Captain Warranty "increased the hazard by any means within the control of the insured." *See* Section 627.409(2), Fla. Stat, that was the sole focus of the trial in this case.   If the anti-technical statute applies, than so does Florida's Offer of Judgment statute, which is the basis for the Defendant's entitlement to a fee award against the Plaintiff.

Fla. Stat. § 768.69 states in pertinent part, that:

> [i]n any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer….

Fla. Stat. § 768.79(1).

Section 768.79(2) further requires that the offer:

(a) Be in writing and state that it is being made pursuant to this section.
(b) Name the party making it and the party to whom it is being made.
(c) State with particularity the amount offered to settle a claim for punitive damages, if any.
(d) State its total amount.

> The offer shall be construed as including all damages which may be awarded in a final judgment.

Fla. Stat. § 768.79(2).

As also noted by the *Guzy* Court,

> "Rule 1.442 dictates the service, form, and content of a settlement proposal made pursuant to section 768.79." *Endurance Am. Specialty Ins. Co. v. Liberty Mut. Ins. Co.*, No. 8:17-CV-2832-T-33CPT, 2020 U.S. Dist. LEXIS 254380, 2020 WL 9597125, at *3 (M.D. Fla. June 4, 2020), report and recommendation adopted sub nom. *Endurance Am. Specialty Ins. Co. v. Safeco Ins. Co. of Ill.*, No. 8:17-CV-2832-T-33CPT, 2020 U.S. Dist. LEXIS 254487, 2020 WL 9597127 (M.D. Fla. Aug. 6, 2020). It requires that an offer of judgment be in writing, identify the Florida law under which it is being made and:
>
> > (A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;
> >
> > (B) state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served, subject to subdivision (F);
> >
> > (C) state with particularity any relevant conditions;
> >
> > (D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;
> >
> > (E) state with particularity the amount proposed to settle a claim for punitive damages, if any;
> >
> > (F) state whether the proposal includes attorneys' fees and whether attorneys' fee are part of the legal claim; and
> >
> > (G) include a certificate of service in the form required by Florida Rule of General Practice and Judicial Administration 2.516.

*Guzy v. Qbe Specialty Ins. Co.*, 2023 U.S. Dist. LEXIS 22276, *6 (S.D. Fla. 2023) (citing Fla. R. Civ. P. 1.442(c)(2).

"So long as these statutory criteria are met, an attorney's fee award is mandatory unless the offer was not made in good faith". *Illoominate Media, Inc. v. Cair Fla., Inc.*, 2021 U.S. Dist.

LEXIS 169567, *5-6 (S.D. Fla. 2021). The Defendant's offer in this case, was made in good faith as the Defendant's analysis indicated that there was a high likelihood of a judgment for the defense on this coverage issue.   The Defendant's opinion in this respect was confirmed by the outcome of the trial.

Based on the foregoing law, Defendant is entitled to recover attorney's fees and non-taxable costs in this matter.

### II.     Reasonableness of Attorney's Fees (<u>Mooted by Stipulation to Fee Award of $50,000.00 but included to comply with Local Rules</u>)

To calculate a reasonable attorney's fee award, the number of hours reasonably expended should be considered together with the customary fee charged for similar legal services in the community.  *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The reasonable number of hours expended and the fee charged are then multiplied together to reach a sum which is referred to as a "lodestar".  *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 F. App'x 161, 163-64 (11th Cir. 2008).  The resulting fee is presumed reasonable. *Blum v. Stenson*, 465 U.S. 886, 897, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).  The lodestar may be adjusted upwards or downwards under certain circumstances.  *Id at* 888.

#### A.  Hourly Rate for the Services Provided by Defense Counsel

"The Eleventh Circuit defines a 'reasonable hourly rate' as 'the prevailing market rate in the relevant legal community for similar services by attorneys with reasonably comparable skills, experience, and reputation." *Guzy* at *13.

> In determining the prevailing market rate, courts typically consider certain factors: the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases.

*Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996). From March 6, 2023, (the date of the proposal for settlement) until September 1, 2023, (the date of the final judgment) a total of 225.60 hours were billed to the client for the work done in this matter by three attorneys at the Law Firm of Fertig and Gramling. Those attorneys include Andrew N. Mescolotto, Esq., Alexander P. Koffler, Esq., and John (Jack) H. Wilbur III. All hours billed by Fertig and Gramling for legal work at issue in this motion have been paid by Underwriters at the rates sought in this Motion. This is evidence that the rates set forth below are market rates for maritime insurance defense attorneys.

      Mr. Mescolotto, who received an hourly rate of $275.00 for his work performed in the matter, was admitted to practice law in 2006, is a partner at the Law Firm of Fertig and Gramling, practices primarily in insurance and maritime matters, and has a substantial amount of maritime litigation experience. Mr. Koffler, who received an hourly rate of $190.00 for his work performed in this matter, was admitted to practice law in 2007, is a senior associate at Fertig and Gramling, practices primarily in insurance and maritime matters, and has a significant amount of litigation experience. Mr. Wilbur, who received an hourly rate of $190.00 for his work in this matter, was admitted to practice law in 2021, practices primarily in insurance and maritime matters, and has a background in maritime law holding a Juris Doctorate with a Maritime Law Certification from Tulane University.

      In 2014, Judge Ryskamp awarded Mr. Mescolotto an hourly rate of $350.00. (Opinion awarding the hourly rate attached hereto as Exhibit B)**.** The hourly rate received by Mr. Mescolotto in that matter nine (9) years ago was higher than the hourly rate that is requested here. Additionally, earlier this year, this Court awarded attorney associates a rate of $190.00 per

hour in an insurance related dispute. *See Guzy* at * 15.  The hourly rates requested for the three (3) aforementioned attorneys are extremely reasonable considering the prevailing market rate in the legal community of the Southern District of Florida for similar services by attorneys of similar "skill, experience, and reputation".  The attorneys who worked on this matter for defendants should be awarded the hourly rates requested herein.

### B. Numbers of Hours Expended by Defense Counsel Working on the Matter

From March 6, 2023, that date of the Proposal for Settlement, until September 1, 2023, the date of the Final Judgment in this matter, a total of 225.60 hours were billed by defense counsel to Defendant.  Mr. Mescolotto billed 158.80 hours in this case, Mr. Koffler billed 0.60 hours, and Mr. Wilbur billed 66.20 hours.  Mr. Wilbur's time was primarily for trial prep and attendance at this bench trial of this case.  The bills demonstrating the time spent on the tasks for each of the defense attorneys in this matter are attached hereto as Exhibit C. As demonstrated by the bills, the amount of time spent on each task by the respective attorneys was reasonable and well within the amount of time expected to be spent on the same or similar task by an attorney of the same or similar skill level.  Defendant should be compensated for the entirety of the hours spent by its attorneys on this matter.

In summary, Defendant should be awarded 158.8 hours at a rate of $275.00 per hour for a total of $43,670.00 for Mr. Mescolotto, 66.20 hours at a rate $190.00 per hour for a total of $12,578.00 for Mr. Wilbur, and 0.60 hours at a rate of $190.00 per hour for a total of $114.00 for Mr. Koffler.  Accordingly, Defendant should receive a total of **$56,362.00** in fees in this matter, **however**, the Parties have stipulated to a fee award in the amount of $50,000.00 to avoid a dispute over the quantum of fees.

**III.  Non-Taxable Costs to Which Defendant is Entitled <u>(Mooted by Agreement, but included to comply with the Local Rules)</u>.**

Defendant seeks recovery for its portion of the costs associated with mediation in this matter in the amount of $1,196.00.  (Mediation Bill is attached hereto as exhibit D).  Mediation costs are recoverable in this matter under Fla, Stat, § 768.79.  As noted by this Court last year

> [t]he costs Defendant is entitled to under Florida's offer-of-judgment statute are "reasonable costs, including investigative expenses . . . calculated in accordance with the guidelines [the "Guidelines"] promulgated by the Supreme Court, incurred from the date the offer was served." § 768.79(6)(a), Fla. Stat. In the Motion, Defendant requests an award of $450.00 in costs paid for the Parties' mediation on February 3, 2022 (ECF No. 15).
>
> The Guidelines, which are contained in Appendix II to the Florida Rules of Civil Procedure, note that they "are advisory only" and that "[t]he taxation of costs in any particular proceeding is within the broad discretion of the trial court." Nonetheless, they indicate various litigation costs that "should" be taxed, others that "may" be taxed, and others that "should not" be taxed. The mediation cost sought falls in the "may" category.

*El Camino v. Scottsdale Ins. Co*., 2022 U.S. Dist. LEXIS 133517, *8-9 (S.D. Fla. 2022). There is no question that the mediation costs are reasonable, as Plaintiff paid its portion of the mediation costs without objection at the time of mediation in this matter.  Recovery of mediation costs is permitted under Fla, Stat, § 768.79, and under the circumstances of this case, Defendant should recover its mediation costs.  The Court should award Defendant mediation costs in the requested amount of **$1,196.00**.

WHEREFORE, in accordance with the foregoing motion, Defendant respectfully requests this Court award it fees in the stipulated amount of **$50,000.00** and non-taxable costs in the stipulated amount of **$1,196.00** for a total award of $<u>**51,196.00**</u> for attorney's fees and non-taxable costs.  A proposed order granting this motion is attached as Exhibit "E" and a proposed judgement is attached as Exhibit "F".

**VERIFICATION REQUIRED BY LOCAL RULE 7.3(a)(7)**

The undersigned hereby verifies under penalty of perjury that the foregoing information concerning attorney's fees and non-taxable costs sought in this Motion are true and correct.

Respectfully Submitted,

/s Andrew N. Mescolotto
ANDREW N. MESCOLOTTO (28141)
FERTIG AND GRAMLING
200 Southeast 13th Street
Fort Lauderdale, FL 33316
PH:   (954) 763-5020
FX:   (954) 763-5412
anm@fertig.com
Attorneys for the Underwriters

**CERTIFICATE OF SERVICE**

HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on this 30th day of November 2023 on all counsel or parties of record on the attached Service List.

Respectfully Submitted,

By:   /s Andrew N. Mescolotto
ANDREW N. MESCOLOTTO (28141)
FERTIG AND GRAMLING
anm@fertig.com
Attorneys for the Underwriters

**SERVICE LIST**

| | |
|---|---|
| ROBERT ADER (335126)<br>rader@aderhittlaw.com<br>ELIZABETH HITT (176850)<br>ehitt@aderhittlaw.com<br>ADER & HITT, PA<br>Midtown Office Lofts – Suite 218<br>3401 North Miami Avenue<br>Miami, Florida 33127<br>Telephone: (305) 371-6060<br>*VIA CM/ECF* | ANDREW N. MESCOLOTTO (28141)<br>JOHN H. WILBUR (1031177)<br>FERTIG AND GRAMLING<br>200 Southeast 13th Street<br>Fort Lauderdale, FL 33316<br>PH:    (954) 763-5020<br>FX:    (954) 763-5412<br>anm@fertig.com<br>john.wilbur@fertig.com<br>*Attorneys for Underwriters*<br>*VIA CM/ECF* |
| Susan Z. Jorgensen (1022692)<br>Law Offices of Susan Z. Jorgensen, P.A.<br>2598 E Sunrise Blvd., Ste. 2104<br>Ft. Lauderdale, FL  33301<br>PH:  (202) 329-0098<br>Susan@SusanJorgensenLaw.com<br>*Co-Counsel for Plaintiff*<br>*VIA CM/ECF* | |