UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-60520-RAR

SERENDIPITY AT SEA LLC

    Plaintiff,

vs.

UNDERWRITERS AT LLOYDS OF
LONDON SUBSCRIBING TO POLICY
NUMBER 187581

    Defendant.
_____/

**RESPONSE TO DEFENDANT'S MOTION FOR ATTORNEY'S
FEES AND NON-TAXABLE COSTS**

Plaintiff, SERENDIPITY AT SEA LLC., by and through undersigned counsel and pursuant to applicable Rules of Procedure, hereby files this Response to Defendant's Motion for Attorney's Fees and Non-Taxable Costs.

**MEMORANDUM OF LAW**

Defendant Underwriters moves this court to award it attorney's fees and non-taxable costs based upon Florida's proposal for settlement and offer of judgment statute, Fla. Stat. § 768.79. In seeking fees, Defendant contends that this marine insurance dispute case is governed by Florida law. Although the insurance policy has a choice of law provision that provides for Florida law to apply, the parties may not contract out of the long-entrenched and well-established rule in maritime law, the "American Rule," which provides that each party pays its own attorneys' fees, absent few limited exceptions *which are inapplicable here*. As Judge Jordan noted in the Great Lakes opinion:

> Thus, there is nothing problematic about Great Lakes and Ms. Rosin agreeing to have the policy interpreted according to established and entrenched federal admiralty precedent if it exists. Second, the alternative choice of New York law *(if there is no established and entrenched federal admiralty precedent)* should also be given effect.

Great Lakes Reinsurance (UK) v. Rosin, 757 F. Supp. 2d 1244, 1251 (S.D. Fla. 2010)

The parties may contract that Florida law applies to the interpretation of the insurance policy, however, marine insurance disputes are, *without a doubt*, governed by federal maritime law. The central issue in this insurance dispute was a breach of the captain's warranty. There is no established and entrenched body of federal maritime law as to a breach of a captain's warranty. A recent opinion from the Eleventh Circuit is dispositive of this issue and held; "The precise questions for us under *Wilburn Boat* are whether there exist entrenched federal maritime rules governing captain or crew warranties. The answer to those questions is no. Travelers Prop. Cas. Co. of Am. v. Ocean Reef Charters LLC, 996 F.3d 1161, 1169 (11th Cir 2021). Unlike a captain's warranty, there is a long-established and well-entrenched body of maritime law with respect to attorney's fees.

It is well settled that marine insurance policies, such as the one at issue herein, are governed by federal maritime law. See GEICO Marine Ins. V. Shackleford, 945 F.3d 1135, 1139 (11th Cir. 2019) ("Marine insurance contracts qualify as maritime contracts, which fall within the admiralty jurisdiction of the federal courts and are governed by maritime law.") Even where a case is brought invoking the court's diversity jurisdiction, substantive maritime law still applies to a dispute involving a marine insurance contract. Misener Marine Constr., Inc. v. Norfolk Dredging Co., 594 F.3d 832, 837, n. 11 (11th Cir. 2010).[1]

---

[1] Underwriters has argued that this case was removed to federal court based on diversity jurisdiction. This argument gains no traction. See Misener, 594 F.3d at 836 (rejecting the argument that invoking diversity jurisdiction takes the case out of admiralty/maritime law: "The

"The principle that each party should bear its own attorneys' fees, the American Rule, has become firmly entrenched and consistently adhered to in American federal legal practice." Id. at 840.  Eleventh Circuit law regarding the recovery of attorney's fees in a maritime dispute is clear, attorney's fees are not recoverable unless: "(1) they are provided by the statute governing the claim, (2) the nonprevailing party acted in bad faith in the course of the litigation, or (3) there is a contract providing for the indemnification of attorneys' fees." Id. at 838 (citation omitted). Absent one of these exceptions, attorney's fees are not properly awardable. Id. ²

The insurance contract at issue does not provide for indemnification of attorney's fees. And Plaintiff Serendipity has not acted in bad faith at any point in this litigation, nor is there any allegation that it has acted in bad faith.  Therefore, the only way that Underwriters may be awarded attorney's fees is pursuant to a specific statute governing the claim.

---

dredging contract at issue [ ] makes this case one of maritime jurisdiction and thus the district court properly applied substantive maritime law."). Further, as Underwriters itself acknowledged in its petition for removal, "[t]his Court additionally has Admiralty and Maritime Jurisdiction as Plaintiff has alleged breach of a maritime insurance contract" and that because the insurance policy at issue "is a maritime contract, the Admiralty Clause of the Constitution brings it within federal jurisdiction." [DE 1, ¶ 34]. See Lady Di Fishing Team, LLC v. Brunswick Corp., 2007 U.S. Dist. LEXIS 80097, *11 (M.D. Fla., Dec. 19, 2023) ("Even when the parties, as here, have alleged diversity of citizenship as a basis of subject matter jurisdiction, if admiralty jurisdiction also exists, federal maritime law governs the substantive issues of the case.").

² The Misener Court noted that its prior decision in All Underwriters v. Weisberg, 222 F.3d 1309 (11th Cir. 2000), in which the Court found attorneys' fees were properly awarded under Fla. Stat. § 627.428 to a prevailing insured in a maritime insurance dispute, did not conflict with the general maritime rule that parties bear their own attorneys' fees. Misener, 594 F.3d at 838, n. 13. Weisberg, however, dealt with a *specific* insurance statute that awarded fees to prevailing insureds – unlike the instant case that deals with a *general* statute awarding fees in a myriad of cases.  As Misener understood, Weisberg "did not establish a precedent that attorney's fees are generally recoverable in maritime disputes;" rather, the Weisberg decision hinged on the underlying principle that "states have a strong interest in the regulation of insurance," and that "the determinative issue in Weisberg was insurance, not attorneys' fees." Id.  In the case at bar, Defendant does not seek attorney's fees pursuant to § 627.428, a statute enacted for the regulation of the insurance industry that provided for one-way fee shifting; instead, Defendant seeks fees under a general statute enacted to encourage the settlement of broad-spectrum claims.

3

Underwriters therefore argues that Fla. Stat.§ 768.79 governs and provides a springboard to its claimed right to recover fees. However, as the Eleventh Circuit has specifically found, "[l]ogic and a proper reading of case law demand limiting 'statutes governing the claim' to **federal statutes**." Misener, 594 F.3d at 839 (emphasis added). Because § 768.79, Florida's Offer of Judgment statute, is not a federal statute, "it does not fall within [the] exception" to the general rule that parties will bear their own attorneys' fees in maritime contract disputes. Id.

To be sure, Florida's Offer of Judgment statute neither supplants nor supplements substantive maritime law. Garan Inc. v. M/V Aivik, 907 F.Supp. 397, 398 (S.D. Fla. 1995) spoke directly to the issue of "whether Florida's statutory Offer of Judgment is applicable in an admiralty jurisdiction case when federal maritime common law does not provide for fee shifting under such circumstances and requires each side to pay its own attorneys' fees." While recognizing that the Eleventh Circuit had previously held that Florida's Offer of Judgment statute could be employed in a general diversity jurisdiction case, Garan understood that the matter was one "of first impression *in the context of admiralty and maritime jurisdiction*." Id. at 399 (emphasis added). In deciding the issue, the court engaged in a two-part test determining: (1) whether the state law conflicts with substantive maritime law; and, (2) whether the state law affects a remedy peculiar to maritime jurisdiction. Id.

Garan then reasoned that federal substantive maritime law "provides that absent *specific federal statutory authorization* for an award of attorneys' fees, the prevailing party is generally not entitled to those fees." Id. (emphasis added). The court found that Florida's Offer of Judgment statute thus conflicts with the American rule, as it "impermissibly imposes an additional obligation on the parties in direct conflict with long-standing federal maritime common law." Id. at 400. While acknowledging that "courts have increasingly applied state law

4

as a supplement to the federal maritime law," the court admonished that "such applications are only valid when federal statutory or common law is silent on the issue," where, here, "federal law regarding the award of attorneys' fees in the maritime context is clear and directs each side to pay its own fees." Id.  Accordingly, Garan held that Florida's Offer of Judgment statute could not be employed to force payment of attorney's fees in an action governed by federal maritime law. See also Tai-Pan, Inc. v. Keith Mrine, Inc., 1997 U.S. Dist. LEXIS 24521, *35 (M.D. Fla. 1997) (granting motion to strike offer of judgment, finding that Fla. Stat. § 768.79 conflicts with the American rule as it "impermissibly imposes an additional obligation on the parties in direct conflict with long-standing federal maritime common law.") (citing Garan).

State law remains in accord, likewise finding that Florida's Offer of Judgment statute does not preempt federal admiralty law providing that each party pay their own attorneys' fees. In Royal Caribbean Cruises, Ltd. v. Cox, 137 So.3d 1157 (Fla. 3d DCA 2014), the court found that Fla. Stat. § 768.79 is inapplicable in maritime cases.  In its *en banc* opinion,[3] Florida's Third District explained:

> Federal maritime law follows the American Rule regarding attorney's fees. *See Misener Marine Constr., Inc. v. Norfolk Dredging Co.*, 594 F.3d 832, 841 (11th Cir.) (holding that the "consistent and continued application of the American Rule to maritime disputes has established the American Rule as a characteristic feature of substantive maritime law"), *cert. denied*, 130 S. Ct. 3505, 177 L. Ed. 2d 1091 (2010). The American Rule provides that ordinarily each party must pay its own attorney's fees, absent an exception such as a federal statute, an enforceable contractual provision providing for fees, or a finding that the non-prevailing party engaged in bad-faith conduct. *See Noritake Co. v. M/V Hellenic Champion*, 627 F.2d 724, 730 (5th Cir. 1980); *Hilton Oil Transp. v. Oil Transp. Co., S.A.*, 659 So. 2d 1141, 1153 (Fla. 3d DCA 1995). None of the exceptions are present in this case. There is no pertinent federal attorney's fee statute, contractual provision, or finding that RCCL engaged in bad-faith conduct. . . .

---

[3]   Notably, the Cox Court receded from its prior opinion in Royal Caribbean Corp. v. Modesto, 614 So.2d 517 (Fla. 3d DCA 1992) which had found attorneys' fees were awardable pursuant to § 768.79 in a maritime case.  Cox, 137 So.3d at 1159.

> A review of the pertinent case law reveals that, in addition to Florida's federal court decisions holding that section 768.79 may not be applied in maritime cases, *Garan, Inc. v. M/V Aivik*, 907 F. Supp. 397, 400-01 (S.D. Fla. 1995) (expressly rejecting *Modesto* and holding that application of Florida's offer of judgment statute in an admiralty case would "frustrate the need for uniformity in the admiralty jurisdiction and is preempted by federal maritime common law"); *Tai-Pan, Inc. v. Keith Marine, Inc*., 1997 U.S. Dist. LEXIS 24521, 1997 WL 714898, at *10 (M.D. Fla. May 13, 1997); *see also Tampa Port Auth. v. M/V Duchess*, 65 F. Supp. 2d 1279, 1296-97 (M.D. Fla. 1997), *amended*, 65 F. Supp. 2d 1299, *affirmed*, 184 F.3d 822 (11th Cir. 1999) (table), other federal courts have considered whether state fee-shifting statutes may supplement federal maritime law and have consistently concluded that application of state fee-shifting statutes conflicts with maritime law and violates the important maritime principle of uniformity. *See Texas A & M Research Found. v. Magna Transp. Inc*., 338 F.3d 394, 405-06 (5th Cir. 2003); *Southworth Mach. Co. v. F/V Corey Pride*, 994 F.2d 37, 41 (1st Cir. 1993); *Sosebee v. Rath*, 893 F.2d 54, 56-57 (3d Cir. 1990). *See also Misener Marine Constr., Inc. v. Norfolk Dredging Co*., 594 F.3d 832, 840-41 (11th Cir.) (holding that a Georgia fee-shifting statute conflicts with maritime law, but finding it unnecessary to reach the uniformity issue as "principle that each party bears its own fees is a characteristic of maritime law"), *cert. denied*, 130 S. Ct. 3505, 177 L. Ed. 2d 1091 (2010). Accordingly, it is clear that the federal courts applying federal maritime law reject the application of state fee-shifting statutes.

Id. at 1159-60. "[I]n the interests of conformity in exercising admiralty jurisdiction," Cox held that Florida's Offer of Judgment statute did not apply in its maritime action. Id. at 1161.

Several years later, Marco Marine Constr., Inc. v. Kopras, 268 So.3d 259 (Fla. 2d DCA 2019) reiterated the finding that § 768.79 conflicted with federal admiralty law and thus could not be applied in a maritime law case. Citing Cox at length, the court recognized:

> The Third District is not the only Florida appellate court that bars the recovery of section 768.79 attorneys' fees in maritime cases. The Fifth District Court of Appeal holds similarly. *See Nicoll v. Magical Cruise Co.*, 110 So. 3d 98, 99 (Fla. 5th DCA 2013) ("Under federal admiralty law, the prevailing party is not entitled to attorneys' fees absent circumstances not applicable here, even when a state statute establishes an entitlement to fees." (citations omitted)). And, as noted by the Third District, numerous federal courts have rejected the application of various state fee-shifting statutes as conflicting with federal maritime law and/or violating principles of uniformity. *See, e.g., Misener Marine Constr., Inc. v. Norfolk Dredging Co.*, 594 F.3d 832, 841 (11th Cir. 2010) (holding that Georgia statute that established entitlement to prevailing party attorneys' fees in construction contract disputes directly conflicted with

6

> the American Rule which is a "principle of substantive maritime law" and that appellee's request for attorneys' fees in maritime case was thus properly denied); *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 405-06 (5th Cir. 2003) (concluding that adherence to the American Rule, in conjunction with the need for uniformity in federal maritime law, precluded application of Texas statute that permitted award of attorneys' fees to party seeking to recover for breach of contract in a maritime contract dispute); *Southworth Machinery Co. v. F/V COREY PRIDE*, 994 F.2d 37, 41 (1st Cir. 1993) (rejecting application of Massachusetts statute that permitted award of attorneys' fees where it was inconsistent with maritime law); *Sosebee v. Rath*, 893 F.2d 54, 56-57 (3d Cir. 1990) (explaining that "[t]here is a strong interest in maintaining uniformity in maritime law" and holding that Virgin Islands statute that permitted award of prevailing party attorneys' fees could not be applied in federal maritime case because it conflicted with general prohibition of fee awards in maritime cases); *Garan, Inc. v. M/V Aivik*, 907 F. Supp. 397, 400-01 (S.D. Fla. 1995) (rejecting *Modesto* and holding that section 768.79 conflicts with the American Rule and that application of it "would frustrate the need for uniformity in the admiralty jurisdiction and is preempted by federal maritime common law"); *see also Tai-Pan, Inc. v. Keith Marine, Inc.*, No. 95-338-CIV-J-20, 1997 U.S. Dist. LEXIS 24521, 1997 WL 714898 at *10 (M.D. Fla. 1997) (agreeing with *Garan* that section 768.79 conflicts with the American Rule).

Id. at 262-263. As none of the three exceptions to the American rule applied, Marco determined that the application of Florida's Offer of Judgment statute "violates the important maritime principle of uniformity," and, consequently, did not apply to its maritime case. Id. at 263.

As in Garan, Cox, Marco, and the cases cited therein, none of the exceptions to the general maritime rule against fee-shifting are present. There is no contractual provision providing for fees. There is no bad faith conduct on Serendipity's part. And, there is no federal attorney's fee statute governing the issue. To the contrary, the governing American rule, consistently applied under federal maritime law, requires that each party pay their own attorneys' fees. Defendant Underwriters has provided no case where a court applying substantive maritime/admiralty law has awarded attorneys' fees pursuant to Florida's Offer of Judgment

statute.[4] As demonstrated above, both federal and state courts have found that offers of judgment cannot be used as a basis for attorneys' fees in a maritime case.

WHEREFORE, based on the foregoing, Plaintiff respectfully requests that this Honorable Court issue an Order Denying Defendant's Motion for Attorney's Fees and Non-Taxable Costs.

Respectfully submitted,

ADER & HITT, PA
Midtown Office Lofts – Suite 218
3401 North Miami Avenue
Miami, Florida 33127
Telephone: (305) 371-6060

By: s/ Robert Ader
ROBERT ADER
Florida Bar No. 335126
rader@aderhittlaw.com
ELIZABETH B. HITT
Florida Bar No. 176850
ehitt@aderhittlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on December 21, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF of some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

s/ Robert Ader

## SERVICE LIST

---

[4] All of the cases cited by the Defendant provide for the application of Florida's offer of judgment statute; however, none of the cases are maritime disputes or within the marine insurance context.

Via CM/ECF:

Andrew Mescolotto
anm@fertig.com
FERTIG AND GRAMLING  P.A.
200 South 13th Street
Fort Lauderdale, FL 33316
Tel: (954) 763-5020
Fax: (954) 763-5412
*Counsel for Defendant*