UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60520-RUIZ/STRAUSS

**SERENDIPITY AT SEA, LLC,**

    Plaintiff,
v.

**UNDERWRITERS AT LLOYD'S OF
LONDON SUBSCRIBING TO POLICY
NUMBER 187581,** *et al.***,**

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendant Underwriters' Motion for Attorney's Fees and Non-Taxable Costs [DE 268] ("Motion"). The Motion was referred to me to take all necessary and proper action as required by law [DE 270]. More specifically, the Motion was referred to me to issue a report and recommendation addressing "the threshold question of entitlement to fees and non-taxable costs" – as the parties have agreed to the amount to be awarded if entitlement exists ($51,196, representing $50,000 in attorney's fees and $1,196 in non-taxable costs). [DE 270] at 1 n.1; [DE 268] at 2. I have reviewed the Motion, the response [DE 274] and reply [DE 277] thereto, and all other pertinent portions of the record. For the reasons discussed herein, I respectfully **RECOMMEND** that the Motion [DE 268] be **GRANTED**.

## ANALYSIS

Defendant contends that it is entitled to attorney's fees and non-taxable costs under Florida's offer-of-judgment statute, section 768.79 of the Florida Statutes. Plaintiff does not dispute that Defendant would be entitled to the requested fees and costs – based on an unaccepted

proposal for settlement [DE 268-1] Defendant previously served – if this were a run-of-the-mill diversity case.[1] But Plaintiff contends that Florida's offer-of-judgment statute does not apply in maritime cases, even if the Court's diversity jurisdiction is also invoked. In most maritime cases, Plaintiff would likely be correct. However, this is a *marine insurance* case in which Florida law applied.[2] Therefore, as discussed herein, the general rule prohibiting an award of attorney's fees under a state statute in a maritime case does not apply in this case.

Answering whether Defendant is entitled to attorney's fees in this case requires examination of two Eleventh Circuit maritime cases. *See Misener Marine Const., Inc. v. Norfolk Dredging Co.*, 594 F.3d 832 (11th Cir. 2010); *All Underwriters v. Weisberg*, 222 F.3d 1309 (11th Cir. 2000). *Weisberg* was a marine insurance contract case (like this case) where the Eleventh Circuit held that attorney's fees *could be* recovered under a *state* statute. *See* 222 F.3d at 1312-15. In *Misener*, on the other hand, a case that involved a dredging contract dispute, the Eleventh Circuit held that attorney's fees could *not* be recovered under a *state* statute. 594 F.3d at 838-41.

The Eleventh Circuit explained in *Misener* that, as a *general* rule, the prevailing party in a maritime case is not entitled to recover its attorney's fees unless one of the following exceptions applies: (1) fees "are provided by the statute governing the claim"; (2) "the nonprevailing party acted in bad faith in the course of the litigation"; or (3) "there is a contract providing for the indemnification of attorneys' fees." *Id.* at 838. Under the first exception to the general rule, "statute[s] governing the claim" are limited to *federal* statutes. *Id.* at 839. While none of the three

---

[1] *See B & D Nutritional Ingredients, Inc. v. Unique Bio Ingredients, LLC*, 855 F. App'x 503, 506-07 (11th Cir. 2021) ("[Section 768.79] is substantive and therefore is applied in diversity cases based on state-law claims." (citing *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1258 (11th Cir. 2011))).

[2] *See Serendipity at Sea, LLC v. Underwriters at Lloyd's of London Subscribing to Pol'y No. 187581*, 56 F.4th 1280, 1285 (11th Cir. 2023) ("Under Florida law, which we are *Erie*-bound to apply in this diversity action . . . .").

exceptions to the general rule would apply here, it is not necessary to examine them any further given that this case is a marine insurance case, and the general rule regarding the inability to recover fees in a maritime dispute does not apply in marine insurance cases. *See Weisberg*, 222 F.3d at 1312-15; *see also Misener*, 594 F.3d at 838 n.13; *RMI Holdings v. Aspen Am. Ins. Co.*, No. 20-14525, 2021 WL 2980528, at *2 (11th Cir. July 15, 2021) ("[B]ecause this case arises under maritime insurance law, and no established federal maritime policy exists as to awards of attorneys' fees in maritime insurance disputes, state law applies.").

That is precisely how *Weisberg* and *Misener* (both binding cases) can be reconciled. *Misener* sets forth the general rule – and three exceptions to that general rule – regarding the ability to recover attorney's fees in most maritime cases. *Weisberg*, on the other hand, is limited to the recovery of attorney's fees under a state statute in maritime *insurance* cases (and not maritime cases more generally). Thus, accepting that both *Weisberg* and *Misener* are good law (and binding), they show us that a state statute may give rise to entitlement to attorney's fees in a maritime *insurance* case but not in other maritime cases outside of the marine insurance context.[3]

---

[3] At least one district court case has observed that the holdings from *Weisberg* and *Misener* seem to be at odds with each other. *See Sunfari Experiences, LLC v. Certain Underwriters at Lloyd's, London*, No. 19-CV-61516, 2021 WL 4990473, at *5 n.2 (S.D. Fla. Aug. 6, 2021). Again, I believe the two cases can be reconciled by applying *Weisberg* to marine insurance contract cases and *Misener* to maritime cases more generally (particularly given that the *Misener* panel considered *Weisberg*, a case by which it was bound). Nonetheless, if one were to conclude that the two cases cannot be reconciled, *Weisberg* would control given that it was decided first. *See Andrews v. Biggers*, 996 F.3d 1235, 1236 (11th Cir. 2021) ("Under our prior precedent rule, a panel cannot overrule a prior one's holding even [if] convinced it is wrong." (quoting *United States v. Steele*, 147 F.3d 1316, 1317-18 (11th Cir. 1998) (en banc))); *United States v. Johnson*, 981 F.3d 1171, 1192 (11th Cir. 2020) ("Under our prior-precedent rule, we must follow the precedent of earlier panels unless and until the prior precedent is overruled or undermined to the point of abrogation by the Supreme Court or this Court sitting en banc."); *CSX Transportation, Inc. v. Gen. Mills, Inc.*, 846 F.3d 1333, 1338 (11th Cir. 2017) ("[W]hen we have conflicting [precedents], we follow our oldest precedent." (quoting *United States v. Madden*, 733 F.3d 1314, 1319 (11th Cir. 2013))).

Now, *Weisberg* is distinguishable from this case in one way, but the distinction is immaterial. Specifically, *Weisberg* found entitlement to attorney's fees under a different state statute (§ 627.428, Fla. Stat.), not Florida's offer-of-judgment statute. 222 F.3d at 1312-15. Nonetheless, in doing so, the Eleventh Circuit framed the issue it was called upon to decide as "whether a district court may award attorney's fees pursuant to a state statute in a marine insurance contract dispute." *Id.* at 1310. It explained that it was required to decide two questions on appeal: (1) whether § 627.428 "is procedural or substantive law for *Erie* purposes," and if so, (2) "whether a federal court may award attorney's fees pursuant to a state statute in a marine insurance controversy." *Id.* (footnote omitted). After determining that the statute at issue was substantive, the Eleventh Circuit went on to explain that attorney's fees could be awarded under a state statute in a marine insurance contract case because no established federal law concerning attorney's fees existed in the context of marine insurance contract disputes. *See id.* at 1312-15. In doing so, the Eleventh Circuit echoed the Fifth Circuit's sentiment that because "state law controls the interpretation of marine insurance policies, it would defy both logic and sound policy were we to hold that the applicability of attorney's fees *vel non* must be determined by reference to uniform federal law." *Id.* at 1313 (quoting *INA of Texas v. Richard*, 800 F.2d 1379, 1381 (5th Cir. 1986)).

Given that Florida's offer-of-judgment statute is substantive for *Erie* purposes – like the statute at issue in *Weisberg* – and that this is a marine *insurance* contract dispute, *Weisberg* mandates that this Court find Defendant is entitled to an award of reasonable attorney's fees.[4]

---

[4] In addition to relying on *Misener*, Plaintiff also relies on three maritime cases – two Florida appellate cases and one case decided in this district – where the respective courts found that maritime law prohibited an award of fees under Florida's offer-of-judgment statute. *See Marco Marine Constr., Inc. v. Kopras*, 268 So. 3d 259 (Fla. 2d DCA 2019); *Royal Caribbean Cruises, Ltd. v. Cox*, 137 So. 3d 1157 (Fla. 3d DCA 2014); *Garan, Inc. v. M/V Aivik*, 907 F. Supp. 397 (S.D. Fla. 1995). However, like *Misener*, neither *Marco Marine* nor *Cox* was a maritime insurance contract case. *Marco Marine* was a negligence action, 268 So. 3d at 260, and *Cox* was a case

4

**CONCLUSION**

For the reasons discussed above, I respectfully **RECOMMEND** that the District Court **GRANT** the Motion [DE 268].

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 26th day of February 2024.

_____
Jared M. Strauss
United States Magistrate Judge

---

where the plaintiff brought a negligence claim and other claims after being injured on a Royal Caribbean vessel, 137 So. 3d at 1158.  As to *Garan*, not only did that (non-binding) case precede *Weisberg*, but the court specifically distinguished two marine insurance cases, explaining that courts have "recognized the ability of states to regulate rights under insurance policies issued within their domain."  *Garan*, 907 F. Supp. at 400-01.  Moreover, the Magistrate Judge who issued the decision in *Garan* (a report and recommendation that was adopted) distinguished *Garan* in a report and recommendation he subsequently issued in a different case.  Specifically, in that subsequent case, where he found Florida's offer-of-judgment statute applied, he explained that "[i]n *Garan* and its progeny . . . there were no claims over which the relevant courts exercised diversity or supplemental jurisdiction *and* to which state-law applied. Instead, those actions were entirely within the Court[s]' maritime and admiralty jurisdiction."  *Morris v. Arizona Beverage Co.*, No. 03-60907 CIV, 2005 WL 5544961, at *3 (S.D. Fla. Feb. 9, 2005) (internal quotation marks omitted).  Although *Morris* was not a maritime case, the basis upon which the Magistrate Judge distinguished *Garan* applies in this case.  Specifically, in this case, the Court exercised diversity jurisdiction and applied state law.  *See supra* note 2.